MICV2004-02410

SAMI J. BAGHDADY, ET AL

V.

GEORGE J. BAGHDADY, ET AL

****REMOVED TO US DISTRICT COURT****

## Commonwealth of Massachusetts
### SUPERIOR COURT DEPARTMENT
### THE TRIAL COURT
### CAMBRIDGE

MICV2004-02410

I, Karen O'Connor, Deputy Assistant Clerk of the Superior Court, within and for said County of Middlesex, do certify that the annexed papers are true copies made by photographic process of pleadings entered in the Superior Court on the 14th of June, in the year of our Lord, Two Thousand Four



In testimony whereof, I hereunto set my hand and affix the seal of said Superior Court, at Cambridge, in said County, this 2nd of August, in the year of our Lord, Two Thousand Four

_____
Deputy Assistant Clerk

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS

SUPERIOR COURT
CIVIL ACTION NO.: 04-2410

| | |
|---|---|
| SAMI J. BAGHDADY,<br>    Plaintiff,<br><br>vs.<br><br>GEORGE J. BAGHDADY;<br>GEORGE J. BAGHDADY and GEORGE J.<br>BAGHDADY, JR., as Trustees of the Sylvia M.<br>Baghdady Qualified Personal Residence Trust;<br>SYLVIA M. BAGHDADY and GEORGE J.<br>BAGHDADY, JR., as Trustees of the George J.<br>Baghdady Qualified Personal Residence Trust;<br>and THE BAGHDADY FAMILY LIMITED<br>PARTNERSHIP,<br>    Defendants. | IN T.<br>CLERK<br>FOR THE C<br><br>AUG − 2 2004<br><br>CLERK |

### NOTICE OF FILING OF NOTICE OF REMOVAL
### OF ACTION TO FEDERAL COURT

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that on July 29, 2004 Defendants, George J. Baghdady; George J. Baghdady and George J. Baghdady, Jr., as Trustees of The Sylvia M. Baghdady Qualified Personal Residence Trust; Sylvia M. Baghdady and George J. Baghdady, Jr., as Trustees of The George J. Baghdady Qualified Personal Residence Trust; and The Baghdady Family Limited Partnership (collectively, "Defendants"), have filed in the United States District Court for the District of Massachusetts, their Notice of Removal of the above-captioned action from the Middlesex Superior Court Department to the United States District Court for the

BOST1-833665-1

District of Massachusetts. A true and correct copy of the Notice of Removal is attached hereto as <u>Exhibit A</u>.

DEFENDANTS,<br>
By their attorneys,<br><br>
_____<br>
John W. Steinmetz, (BBO# 568108)<br>
Caryn L. Daum, (BBO# 647001)<br>
ROBINSON & COLE, LLP<br>
One Boston Place<br>
Boston, MA 02108<br>
(617) 557-5900

Dated: July 29, 2004

## CERTIFICATE OF SERVICE

I, Caryn L. Daum, hereby certify that a true and accurate copy of the foregoing Notice of Filing Notice of Removal was served, via Federal Express, postage prepaid, on this 29th day of July, 2004, upon:

Michael P. Angelini, Esq.
Kimberly A. Stone, Esq.
Bowditch & Dewey, LLP
311 Main Street
Worcester, MA 01615

_____
Caryn L. Daum

2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMI J. BAGHDADY, <br><br> Plaintiff, <br><br> vs. <br><br> GEORGE J. BAGHDADY; <br> GEORGE J. BAGHDADY and GEORGE J. BAGHDADY, JR., as Trustees of the Sylvia M. Baghdady Qualified Personal Residence Trust; <br> SYLVIA M. BAGHDADY and GEORGE J. BAGHDADY, JR., as Trustees of the George J. Baghdady Qualified Personal Residence Trust; <br> and THE BAGHDADY FAMILY LIMITED PARTNERSHIP, <br><br> Defendants. | Civil Action No. _____ <br><br> 04 - 11683 NG |

### NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

Defendants, by their undersigned attorneys and pursuant to 28 U.S.C. §1446, give notice that they hereby remove the above-captioned case presently pending in the Superior Court Department of the Trial Court of Middlesex County, Commonwealth of Massachusetts, which bears Civil Action No. 04-02410, to the United States District Court for the District of Massachusetts.

Removal is authorized by 28 U.S.C. § 1441 and is based upon the United States District Court's original jurisdiction over the case pursuant to 28 U.S.C. § 1332, because it is a civil action where the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. In support of this Notice, Defendants state that:

## NOTICE OF REMOVAL IS TIMELY

1.    Plaintiff Sami J. Baghdady ("Plaintiff") filed a complaint against George J. Baghdady; George J. Baghdady and George J. Baghdady, Jr., as Trustees of The Sylvia M. Baghdady Qualified Personal Residence Trust; Sylvia M. Baghdady and George J. Baghdady, Jr., as Trustees of The George J. Baghdady Qualified Personal Residence Trust; and The Baghdady Family Limited Partnership (collectively, "Defendants") in the Commonwealth of Massachusetts, The Trial Court, Middlesex, SS., Superior Court Department under Civil Action No.: 04-02410. Consistent with 28 U.S.C. §1446(a), a copy of all process, pleadings, orders, and other papers served on Defendants are attached hereto as Exhibit 1 to this Notice of Removal.

2.    Defendants first received the summons and complaint by certified mail on July 12, 2004. No further proceedings have occurred in the Massachusetts Superior Court. To date, Defendants have not filed any responsive pleading, and Defendants specifically reserve all rights to assert any and all defenses, including, without limitation, the defense of lack of personal jurisdiction.

3.    This Notice of Removal is being filed with this Court within thirty (30) days after receipt of the Complaint and Summons by Defendants.

## DIVERSITY OF CITIZENSHIP EXISTS

4.    Plaintiff Sami J. Baghdady is a natural person who resides at 168 White Street, Belmont, Middlesex County, Massachusetts. He is the brother of the defendant, George J. Baghdady.

5.  Defendant George J. Baghdady ("George Baghdady") is a natural person who resides at 104 Elm Street, Monroe, Connecticut.

6.  In the body of the Complaint, Plaintiff lists only himself and George Baghdady as the parties of the action. However, in the caption to the Complaint, Plaintiff has also named as defendants George J. Baghdady and George J. Baghdady, Jr., as Trustees of the Sylvia M. Baghdady Qualified Personal Residence Trust; Sylvia M. Baghdady and George J. Baghdady, Jr., as Trustees of the George J. Baghdady Qualified Personal Residence Trust; and The Baghdady Family Limited Partnership.

7.  George J. Baghdady, Jr. resides at 28 Purdy Hill Road, Monroe, Connecticut.

8.  Sylvia M. Baghdady resides at 104 Elm Street, Monroe, Connecticut.

9.  The General Partners of The Baghdady Family Limited Partnership are George J. Baghdady and Sylvia Baghdady. The Limited Partners of The Baghdady Family Limited Partnership are Marshall Gibson and George J. Baghdady, Jr., as trustees of The George J. Baghdady, Jr. 1991 Trust; The David Baghdady 1991 Trust; The Raymond Baghdady 1991 Trust; and The Lucille G. Baghdady 1991 Trust.

10. Marshall Gibson is a resident of Connecticut, with an address of Two Whitney Avenue, New Haven, Connecticut.

11. As demonstrated above in paragraphs 4 through 10 of this Notice of Removal, the Plaintiff is of diverse citizenship from all Defendants, as required by 28 U.S.C. §1332(a). Furthermore, Defendants are not citizens of the state in which this action was brought. *See* 28 U.S.C. §§ 1332(c)(1) and 1441(b). Complete diversity existed on the date this action was filed and complete diversity continues to exist as of the filing of this Notice of Removal.

3

## AMOUNT IN CONTROVERSY IS SATISFIED

12. This lawsuit arises from the purported breach of an alleged partnership agreement between Plaintiff and George Baghdady. Plaintiff alleges that he and George Baghdady had a partnership agreement which concerned certain pieces of real estate and a garden center nursery business in Connecticut.

13. The amount in controversy as alleged on the face of the Complaint exceeds $75,000, exclusive of interest and costs. While Plaintiff's Complaint fails to specify a specific demand for a set sum, Plaintiff seeks, among other things, a liquidation of the alleged partnership and an order stating that he is entitled to a fifty (50%) percent interest in the alleged partnership and the alleged partnership's assets, including a piece of real estate referred to in the Complaint as the "Elm Street Property", a piece of real estate referred to in the Complaint as the "Trumbull Property", and in a business referred to in the Complaint as the "Pond Spring Nurseries." Furthermore, Plaintiff seeks unspecified damages and attorneys' fees. Given these allegations, the amount in controversy clearly exceeds $75,000, exclusive of interest and costs. Defendants deny that Plaintiff is entitled to any relief under any of his asserted claims.

14. This action does not fall within any class of actions which, under applicable rules, laws or statutes, is prevented from or limited in the right of removal. Pursuant to 28 U.S.C. §§ 1441 and 1446, removal of the above-styled state court action to this Court is proper. The state court in which the lawsuit was filed is located within the District of Massachusetts.

15. Pursuant to 28 U.S.C. §1446(d), notice of the filing of this Notice of Removal is being given to all parties to this action by filing a Notice of Filing of Notice of Removal of

4

Action in Federal Court, along with a copy of this Notice of Removal, in the State Court Action and by service upon all parties in accordance with applicable law.

16. Pursuant to L.R. 81.1, Defendants will file in this Court, within thirty (30) days after filing this Notice of Removal, certified or attested copies of all records and proceedings in the Middlesex Superior Court and a certified or attested copy of all docket entries in the Middlesex Superior Court.

17. Defendants reserve the right to amend or supplement this Notice of Removal and to assert all defenses and objections in this matter after the action is removed to this Court, including, but not limited to, the defense of lack of personal jurisdiction over the Defendants.

DEFENDANTS,
GEORGE J. BAGHDADY; GEORGE J. BAGHDADY and GEORGE J. BAGHDADY, JR., as Trustees of the Sylvia M. Baghdady Qualified Personal Residence Trust; SYLVIA M. BAGHDADY and GEORGE J. BAGHDADY, JR., as Trustees of the George J. Baghdady Qualified Personal Residence Trust; and THE BAGHDADY FAMILY LIMITED PARTNERSHIP,

By their attorneys,

John W. Steinmetz, (BBO# 568108)
Caryn L. Daum, (BBO# 647001)
ROBINSON & COLE, LLP
One Boston Place
Boston, MA 02108
(617) 557-5900

Dated: July 29, 2004

## CERTIFICATE OF SERVICE

I, Caryn L. Daum, hereby certify that a true and accurate copy of the foregoing Notice of Filing Notice of Removal was served, via Federal Express, postage prepaid, on this 29th day of July, 2004, upon:

> Michael P. Angelini, Esq.
> Kimberly A. Stone, Esq.
> Bowditch & Dewey, LLP
> 311 Main Street
> Worcester, MA 01615

_____
Caryn L. Daum

Jul 13 04 02:56p    Pond Spring Nursery    (203) 459-9919    p.2



**Bowditch & Dewey**
ATTORNEYS

Direct telephone: (508) 926-3435
Direct facsimile: (508) 929-3033
Email: kstone@bowditch.com

July 9, 2004

**Via Certified Mail [7001 0360 0000 8778 3756],**
**Return Receipt Requested**

Mr. George J. Baghdady
104 Elm Street
Monroe, CT 06468

Re:  **Sami J. Baghdady v. George J. Baghdady, et al.**
     **Middlesex Superior Court, Civil Action No. 04-02410H**

Dear Mr. Baghdady:

In your individual capacity, as well as your capacity as Trustee of the Sylvia M. Baghdady Qualified Personal Residence Trust, individually, and as the Registered Agent of The Baghdady Family Limited Partnership, enclosed please find the following documents in connection with the above-captioned matter:

1. Summons;

2. Complaint and Demand for Trial by Jury;

3. Civil Action Cover Sheet; and

4. Tracking Order.

Please note that this constitutes service of process pursuant to the Massachusetts long-arm statute, General Laws Chapter 223A, §1, *et seq.*

Very truly yours,

Kimberly A. Stone

KAS/jp
Encls.

{J:\CLIENTS\lit\023184\0101\00447535.DOC;1}

BOWDITCH & DEWEY, LLP  311 MAIN STREET  PO BOX 15156  WORCESTER, MA 01615-0156
T 508 791 3511  F 508 756 7636  www.bowditch.com          Boston Framingham Worcester

Jul 13 04 02:57p    Pond Spring Nursery        (203) 459-9919        p.3

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — (CONTRACT) —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 04-02410H

MIDDLESEX , ss
[seal]

Sami J. Baghdady , Plaintiff(s)

v.

George J. Baghdady, et al. , Defendant(s)

### SUMMONS

To the above-named Defendant: George J. Baghdady, individually; George J. Baghdady as Trustee of the Sylvia M. Baghdady Qualified Personal Residence Trust; George J. Baghdady as Registered Agent of The Baghdady Family Limited Partnership

You are hereby summoned and required to serve upon Kimberly A. Stone, Esq. plaintiff's attorney, whose address is Bowditch & Dewey, LLP, 311 Main St., PO Box 15156, Worcester, MA 01615-0156, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at 40 Thorndike Street, Cambridge, MA 02141 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Cambridge the 9th day of July, in the year of our Lord 2004.

*Edward J Sullivan*
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001