UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SAMI J. BAGHDADY,<br><br>        Plaintiff,<br><br>vs.<br><br>GEORGE J. BAGHDADY;<br>GEORGE J. BAGHDADY and GEORGE J.<br>BAGHDADY, JR., as Trustees of the Sylvia M.<br>Baghdady Qualified Personal Residence Trust;<br>SYLVIA M. BAGHDADY and GEORGE J.<br>BAGHDADY, JR., as Trustees of the George J.<br>Baghdady Qualified Personal Residence Trust;<br>and THE BAGHDADY FAMILY LIMITED<br>PARTNERSHIP,<br><br>        Defendants. | Civil Action No. 04-11683 NG |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR TO
TRANSFER VENUE IF ACTION IS NOT DISMISSED IN ITS ENTIRETY**

**INTRODUCTION**

    This action concerns a dispute between two brothers, Sami J. Baghdady and George J. Baghdady, over two properties and a business located in Connecticut. The Court should dismiss this action in its entirety as there is no personal jurisdiction over the Defendants, George J. Baghdady; George J. Baghdady and George J. Baghdady, Jr., as Trustees of The Sylvia M. Baghdady Qualified Personal Residence Trust; Sylvia M. Baghdady and George J. Baghdady, Jr., as Trustees of The George J. Baghdady Qualified Personal Residence Trust; and The Baghdady Family Limited Partnership (collectively, "Defendants"). None of the Defendants, with the exception of George J. Baghdady have ever had any contacts with Massachusetts and

the very limited contacts that George J. Baghdady has had with Massachusetts are not sufficient to establish personal jurisdiction over him in this matter.

If the Court does not dismiss this action in its entirety, Defendants respectfully request that the Court transfer this case to the United States District Court for the District of Connecticut as the business and properties at issue in this case, all of the Defendants and key witnesses are located in Connecticut.  Moreover, George J. Baghdady is 79 years old, and having to litigate this case in Massachusetts would constitute a significant hardship for him.

## BACKGROUND

### I. Parties

The Plaintiff, Sami J. Baghdady ("Sami") resides at 168 White Street, Belmont, Massachusetts.  He is the brother of George J. Baghdady ("George").  (See ¶2, Plaintiff's Complaint).  George and his wife, Sylvia M. Baghdady ("Sylvia"), reside at 104 Elm Street, Monroe, Connecticut (hereinafter "Elm Street property").  (*See* Affidavit of George J. Baghdady, ¶2, attached hereto as **Exhibit A**) (hereinafter referred to as "George Affidavit").  George and Sylvia purchased the Elm Street property in 1969.  (*See* Affidavit of Sylvia M. Baghdady, ¶4, attached hereto as **Exhibit B**) (hereinafter referred to as "Sylvia Affidavit").

Sami has brought suit against George for a purported breach of an alleged partnership agreement which allegedly concerns two properties (104 Elm Street, Monroe, Connecticut and 7090 Main Street, Trumbull, Connecticut) and a business, Pond Spring Nurseries, which is run and operated solely in Connecticut.  (See ¶¶ 6, 13, Plaintiff's Complaint).  George and Sylvia purchased the property located at 7090 Main Street, Trumbull, Connecticut (hereinafter "Trumbull property") and the Pond Spring Nursery business in 1973.  (George Affidavit, ¶36,

2

**Exhibit A**).  In the 1980s, the business name was changed from Pond Spring Nursery to Pond Spring Nurseries.  (George Affidavit, ¶36, **Exhibit A**).

As part of their respective estate plans, George and Sylvia created the George J. Baghdady Qualified Personal Residence Trust and the Sylvia M. Baghdady Qualified Personal Residence Trust, respectively.  (George Affidavit, ¶5, **Exhibit A**; *see also* Sylvia Affidavit, ¶5, **Exhibit B**).  Each trust owns a one-half interest in the Elm Street property.  (George Affidavit, ¶9, **Exhibit A**; *see also* Sylvia Affidavit, ¶9, **Exhibit B**).  George and Sylvia are also the General Partners for The Baghdady Family Limited Partnership, which holds the legal title to the Trumbull property.  (George Affidavit, ¶10, **Exhibit A**; *see also* Sylvia Affidavit, ¶10, **Exhibit B**).

In the caption of the complaint, in addition to naming George J. Baghdady individually, Sami has named George J. Baghdady and George J. Baghdady, Jr., as Trustees of the Sylvia M. Baghdady Qualified Personal Residence Trust; Sylvia M. Baghdady and George J. Baghdady, Jr., as Trustees of the George J. Baghdady Qualified Personal Residence Trust; and The Baghdady Family Limited Partnership as parties in this action.  However, Sami has only asserted claims against George J. Baghdady in the Complaint and has failed to allege any claims against the trustees and the limited partnership specifically.

**II.**   **Plaintiff's Claims**

Sami has brought this action seeking an unspecified amount of damages as a result of the Defendants' breach of alleged partnership agreement and for Defendants' conduct surrounding an alleged partnership in the Pond Spring Nurseries business.

Sami has asserted six (6) causes of action against George: (i) breach of contract; (ii) unjust enrichment – quantum meruit; (iii) breach of fiduciary duty; (iv) misrepresentation; (v)

3

accounting; and (vi) liquidation. More specifically, Sami claims that George has refused to convey a 50% interest in an alleged partnership to Sami, the assets of which allegedly include the Elm Street property, the Trumbull property, and the Pond Spring Nurseries business, and as a result, he claims that George has been unjustly enriched and has breached a fiduciary obligation that he claims exists between George and Sami. Furthermore, Sami claims that George has allegedly made various misrepresentations concerning the alleged partnership, that he is entitled to an accounting regarding the financial condition of the alleged partnership and that the alleged partnership assets should be liquidated.

George denies these allegations on the grounds that Sami does not have nor is entitled to any interest in the Elm Street property, the Trumbull property and Pond Spring Nurseries business, and that no such partnership agreement existed with respect to these properties and business.

### III.     Defendants Have No Contacts that Could Confer Jurisdiction in Massachusetts

None of the defendants, except George have had any contacts with Massachusetts and the contacts that George has had with Massachusetts have been limited and are not sufficient to subject him to personal jurisdiction in Massachusetts.

In 1969, George and Sylvia purchased the Elm Street property with the intention of using it as their primary residence. (George Affidavit, ¶32, **Exhibit A**). The deed to the Elm Street property was recorded in George and Sylvia's names in survivorship. (George Affidavit, ¶33, **Exhibit A**). In 1969, George and Sami's cousin, Attorney Raymond W. Ganim, represented George and Sylvia at the closing of the Elm Street property. (*See* Affidavit of Raymond W. Ganim, Esq., ¶6, attached hereto as **Exhibit C**, hereinafter referred to as "Ganim Affidavit"). The Elm Street property was closed in the names of George and Sylvia only, and was paid for by

4

using funds provided to Attorney Ganim exclusively by George and Sylvia. (Ganim Affidavit, ¶6, **Exhibit C**). George and Sylvia have continuously owned this property for the last thirty-five (35) years and have exclusively paid all costs and expenses associated therewith. (George Affidavit, ¶33, **Exhibit A**). George and Sylvia's purchase of the Elm Street property was completely separate from the Mary Carter Paints & Garden Center business and Sami. (George Affidavit, ¶34, **Exhibit A**). George and Sylvia later transferred their interests in the Elm Street property into The Sylvia M. Baghdady and George J. George Qualified Personal Residence Trusts as part of their estate plans. (George Affidavit, ¶5, **Exhibit A**; *see also* Sylvia Affidavit, ¶5, **Exhibit B**).

The Sylvia M. Baghdady and George J. George Qualified Personal Residence Trusts were organized under the laws of the State of Connecticut as part of George and Sylvia's estate plans. (George Affidavit, ¶6, **Exhibit A**; *see also* Sylvia Affidavit, ¶6, **Exhibit B**). Each trust owns a one-half interest in the Elm Street property. (George Affidavit, ¶9, **Exhibit A**; *see also* Sylvia Affidavit, ¶9, **Exhibit B**). The trustees of both of the trusts reside in Connecticut. (George Affidavit, ¶2, **Exhibit A**; Sylvia Affidavit, ¶2, **Exhibit B**; *see also* Affidavit of George J. Baghdady, Jr., ¶2, attached hereto as **Exhibit D**) (hereinafter referred to as "George Jr. Affidavit"). Neither trust has an interest in, uses or possesses real property, nor do they conduct, solicit or advertise any business in Massachusetts. (George Affidavit, ¶¶21, 22, **Exhibit A**; *see also* Sylvia Affidavit, ¶¶20, 21, **Exhibit B**). Neither trust maintains any business accounts or operates any businesses in Massachusetts. (George Affidavit, ¶¶23, 24, **Exhibit A**; *see also* Sylvia Affidavit, ¶¶22, 23, **Exhibit B**). Therefore, it is clear that neither the trusts nor their trustees have any contacts with Massachusetts which would subject them to personal jurisdiction in Massachusetts.

The Baghdady Family Limited Partnership was organized under the laws of the State of Connecticut. (George Affidavit, ¶12, **Exhibit A**). The partnership holds the legal title to the Trumbull property. (George Affidavit, ¶11, **Exhibit A**). None of the general partners or the limited partners of the limited partnership reside in Massachusetts. (George Affidavit, ¶2, **Exhibit A**; *see also* George Jr. Affidavit, ¶2, **Exhibit D**; Affidavit of Marshal D. Gibson, ¶2, attached hereto as **Exhibit E**) (hereinafter referred to as "Gibson Affidavit"). The partnership does not have an interest in, use or possess real property in Massachusetts nor does it conduct, solicit, and advertise any business in Massachusetts. (George Affidavit, ¶¶25, 26, 27, 28, **Exhibit A**). It does not maintain any personal or business accounts in Massachusetts. (George Affidavit, ¶29, **Exhibit A**). Therefore, it is clear that The Baghdady Family Limited Partnership does not have any contacts with Massachusetts which would subject it to personal jurisdiction in Massachusetts.

George J. Baghdady has had only very limited contacts with Massachusetts. Most of these contacts occurred prior to 1978 and were limited to discussions and exchanges of information with his brother, Sami, concerning a business (i.e. Mary Carter Paints & Garden Center) and property (i.e., 2221-2225 Barnum Avenue, Stratford, Connecticut) <u>which are not subject of this action.</u> (George Affidavit, ¶31, **Exhibit A**). Neither the Mary Carter Paints & Garden Center nor the Barnum Avenue property are the subjects of this lawsuit.

In or about 1970, Sami transferred his interest in the Mary Carter Paints & Garden Center to George, which was comprised of one business. (George Affidavit, ¶31, **Exhibit A**). Following the transfer, George and Sylvia continued to run the business on a daily basis until they transferred the business to Sylvia's brother, Andrew Zartolas, in 1973. (George Affidavit, ¶31, **Exhibit A**). A few months later, Zartolas sold the Mary Carter Paints & Garden Center to

6

James Shevlin as one business, not two separate businesses. (George Affidavit, ¶31, **Exhibit A**; *see also* Affidavit of James Shevlin, ¶3, attached hereto as **Exhibit F**) (hereinafter referred to as "Shevlin Affidavit").

In 1973, George and Sylvia purchased the Trumbull property and the existing business which was already operating on the property, Pond Spring Nursery. (George Affidavit, ¶36, **Exhibit** A). George and Sami's cousin, Attorney Raymond Ganim, represented George in the purchase of the Pond Spring Nursery business and the Trumbull property. (Ganim Affidavit, ¶11, **Exhibit C**). The purchase of the Pond Spring Nursery business and Trumbull property was closed with funds provided exclusively to Attorney Ganim from George and Sylvia and the property was recorded solely in their names. (Ganim Affidavit, ¶11, **Exhibit C**). Pond Spring Nurseries is a local Connecticut business run by George, Sylvia and their son, George J. Baghdady, Jr. (George Affidavit, ¶39, **Exhibit A**). It was and still is a wholly separate business from Mary Carter Paints & Garden Center. (George Affidavit, ¶36, **Exhibit A**).

All business decisions regarding the Pond Spring Nurseries business are made in Connecticut by George, Sylvia and their children. (George Affidavit, ¶39, **Exhibit A**). For the past 31 years, the Pond Spring Nurseries business has filed tax returns as a sole proprietorship for George J. Baghdady in the State of Connecticut. (*See* Affidavit of Donald S. Wiener, ¶6, attached hereto as **Exhibit G**). The administration of the business has always been conducted in Connecticut. (George Affidavit, ¶40, **Exhibit A**). Pond Spring Nurseries does not solicit business or sell products in Massachusetts. (George Affidavit, ¶42, **Exhibit A**). Moreover, with respect to supplies for Pond Spring Nurseries, only a minimal amount of supplies have been purchased from Massachusetts companies, and the contact with these companies was initiated in Connecticut when Massachusetts sales representatives have visited Pond Spring Nurseries in

Trumbull, Connecticut to solicit business. (George Affidavit, ¶42, **Exhibit A**). Pond Spring Nurseries' purchases from Massachusetts companies amounted to approximately $798.78 in 1998, $1,185.75 in 2000, $1,365.00 in 2001, $4,309.00 in 2002, $2,025.00 in 2003, and to date, approximately $4,520.00 in 2004. (George Affidavit, ¶43, **Exhibit A**). The purchases from Massachusetts range, in percentage, from .2% to 1.1% of Pond Spring Nurseries' total business purchases in each of these years. (George Affidavit, ¶43, **Exhibit A**). Pond Spring Nurseries has no connections to Massachusetts other than the very limited purchases described above. (George Affidavit, ¶44, **Exhibit A**).

## ARGUMENT

### I.  THE COURT LACKS PERSONAL JURISDICTION OVER THE DEFENDANTS

The plaintiff has failed to satisfy its burden of demonstrating that there is "general" or "specific" jurisdiction over any of the Defendants. Furthermore, due process requires that a defendant have sufficient "minimal contacts" with the forum state in order for the court to exercise jurisdiction over an out-of-state defendant. However, none of the Defendants have sufficient contacts with Massachusetts and therefore, they are not subject to personal jurisdiction in Massachusetts.

### A.  General Jurisdiction

"General jurisdiction" exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state. Pritker v. Yari, 42 F.3d 53, 59 (1st Cir. 1994). When determining whether a defendant has continuous and systematic contacts with Massachusetts, the courts must make a fact-specific evaluation of the defendant's contacts and then compare those with contacts found to be insufficient. Barrow Industries, Inc. v. JST

America, Inc., et al., No. 01-11619-PBS, 2002 U.S. Dist. LEXIS 7490, at *10 (D. Mass. Apr. 9, 2002) (a copy of which is attached hereto as **Exhibit H**). When examining general jurisdiction, a defendant must have substantial contacts in Massachusetts to be subject to this type of jurisdiction. See id. Moreover, "mere purchases", even if made regularly, are not sufficient to subject a defendant to general personal jurisdiction where the cause of action is not related to those purchases. See id. at *11 (no general jurisdiction when defendant's only contact with Massachusetts was purchases of fabrics in Massachusetts). As stated above, the Defendants, other than George, do not have any contacts with Massachusetts. Therefore, this court does not have general jurisdiction over them as they do not engage in any continuous or systematic activity in Massachusetts.

With respect to George, he has only had very limited contacts with Massachusetts prior to 1978. (George Affidavit, ¶31, **Exhibit A**). These contacts were related to discussions with his brother, Sami, concerning a business (i.e. Mary Carter Paints & Garden Center) and property (i.e., 2221-2225 Barnum Avenue, Stratford, Connecticut) which are not the subject of this action. (George Affidavit, ¶31, **Exhibit A**). Furthermore, George and Sylvia do not engage in any continuous or systematic activity in Massachusetts concerning their Pond Spring Nurseries business, which is a local Connecticut business. (George Affidavit, ¶39, **Exhibit A**). Pond Spring Nurseries does not conduct, solicit or advertise any business in Massachusetts. (George Affidavit, ¶42, **Exhibit A**). Occasionally, George will purchase a minimal amount of supplies for Pond Spring Nurseries from Massachusetts companies, however, the contact with these companies was initiated in Connecticut when Massachusetts sales representatives have visited Pond Spring Nurseries in Trumbull, Connecticut to solicit business. (George Affidavit, ¶42, **Exhibit A**). The purchase of these supplies from Massachusetts range, in percentage, from .2%

to 1.1% of Pond Spring Nurseries' total business purchases. (George Affidavit, ¶43, **Exhibit A**). These minimal contacts cannot be characterized as continuous or systematic, and therefore, they would not confer general jurisdiction over George J. Baghdady. See Barrow Industries, Inc. v. JST America, Inc., et al., No. 01-11619-PBS, 2002 U.S. Dist. LEXIS 7490, at *11.

### B.      Specific Jurisdiction

"Specific jurisdiction" exists when the cause of action arises directly out of, or relates to, the defendant's forum-based contacts. Boudreau v. Scitex Corp. Ltd., No. 91-13059, 1992 U.S. Dist. LEXIS 9629, at 8-9 (D. Mass. June 25, 1992) (a copy of which is attached hereto as **Exhibit H**).

In the instant action, there can be no specific jurisdiction over the Defendants because the cause of action does not arise directly out of, or relate to, any contacts that the Defendants would have in Massachusetts because no such contacts exist with respect to the Baghdady Trusts and the Baghdady Family Limited Partnership. Furthermore, the cause of action does not arise out of the minimal contacts that George has with the occasional purchase of supplies from a Massachusetts companies for his Pond Spring Nurseries business.

For a court to exercise specific jurisdiction, it must have jurisdiction under the Massachusetts Long-Arm Statute, M.G.L. c. 223A, §3, and the exercise of jurisdiction must be consistent with constitutional due process. See Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 204 (1st Cir. 1994).

Section 3(a) of the Massachusetts Long-Arm Statute provides in pertinent part that:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's
>
> (a)     transacting any business in this commonwealth;

>
> (b) contracting to supply services or things in this commonwealth….;
>
> (e) having an interest in, using or possessing real property in this commonwealth…;
>
> (g) maintaining a domicile in this commonwealth…

M.G.L. c. 223A, §3 (2004).

Neither one of the Baghdady Trusts nor their respective trustees have any contacts with Massachusetts. The trusts were created as part of the Baghdadys estate plans and were organized under the laws of Connecticut. (George Affidavit, ¶¶5, 6, **Exhibit A**; *see also* Sylvia Affidavit, ¶¶5, 6, **Exhibit B**). Each trust owns a one-half interest in the Elm Street property. (George Affidavit, ¶9, **Exhibit A**; *see also* Sylvia Affidavit, ¶9, **Exhibit B**). Neither the trusts nor their trustees own any real property in Massachusetts. (George Affidavit, ¶¶15, 21, **Exhibit A**; *see also* Sylvia Affidavit, ¶¶14, 20, **Exhibit B**; George Jr. Affidavit, ¶¶9, 15, **Exhibit C**). Neither trust conducts, solicits, operates or advertises any business in Massachusetts. (George Affidavit, ¶22, **Exhibit A**; *see also* Sylvia Affidavit, ¶21, **Exhibit B**). Neither trust maintains any accounts in Massachusetts. (George Affidavit, ¶23, **Exhibit A**; *see also* Sylvia Affidavit, ¶22, **Exhibit B**). Therefore, the trusts and their trustees are not subject to personal jurisdiction in Massachusetts under the Long-Arm Statute. M.G.L. c. 223A, §3 (2004).

The Baghdady Family Limited Partnership was organized under the laws of Connecticut. (George Affidavit, ¶12, **Exhibit A**). The partnership holds the legal title to the Trumbull property on which Pond Spring Nurseries sits. (George Affidavit, ¶11, **Exhibit A**). The partnership does not conduct, operate, solicit or advertise any business in Massachusetts. (George Affidavit, ¶¶26, 27, 28, **Exhibit A**). It does not maintain any personal or business accounts in Massachusetts and it does not own any real property in Massachusetts. (George

11

Affidavit, ¶25, 29, **Exhibit A**).  Therefore, it cannot be subject to personal jurisdiction in Massachusetts under the Long-Arm Statute.  M.G.L. c. 223A, §3 (2004).

Furthermore, George does not have an interest in, use or possess real property in Massachusetts.  (George Affidavit, ¶15, **Exhibit A**).  He does not conduct, operate, solicit or advertise business in Massachusetts other than having made very limited purchases on behalf of Pond Spring Nurseries from Massachusetts companies who solicited business from him while visiting Pond Spring Nurseries in Trumbull, Connecticut.  (George Affidavit, ¶¶16, 42, **Exhibit A**).  Furthermore, as discussed above, George has only had limited contacts with Massachusetts prior to 1978.  (George Affidavit, ¶31, **Exhibit A**).  These contacts were related to discussions with his brother, Sami, concerning a company (i.e. Mary Carter Paints & Garden Center during the period from approximately 1959-1971) and a property (i.e., 2221-2225 Barnum Avenue, Stratford, Connecticut during the period from approximately 1959-1978) which are not the subject of this action.  (George Affidavit, ¶31, **Exhibit A**).

Since purchasing the Pond Spring Nurseries business, George has, on a few occasions, purchased supplies for Pond Spring Nurseries from Massachusetts companies, however, the contact with these companies was initiated in Connecticut when Massachusetts sale representatives have visited Pond Spring Nurseries in Trumbull, Connecticut to solicit business. (George Affidavit, ¶42, **Exhibit A**).  Such purchases from Massachusetts range, in percentage,, from .2% to 1.1% of Pond Spring Nurseries' total business purchases.  (George Affidavit, ¶43, **Exhibit A**).

It is clear based on the above that George has never taken any purposeful steps to transact business in Massachusetts.  See Buckeye Associates, Ltd. v. Fila Sports, Inc., 616 F.Supp. 1484 (D.Mass. 1985 ) (Massachusetts Long-Arm Statute not applicable to Italian corporation or its

12

California subsidiary where there was insufficient showing that either defendant had taken purposeful steps to conduct business in Massachusetts); see also Merced v. JLG Industries, 193 F.Supp. 2d 290 (D. Mass. 2001) (Pennsylvania corporation not subject to Massachusetts Long-Arm Statute where corporation neither made direct sales in Massachusetts nor attempted to cultivate sales relationships there). The occasional purchase of the nursery supplies accounted for approximately 1% or less of Pond Spring Nurseries' supply purchases. (George Affidavit, ¶43, **Exhibit A**). These contacts are not sufficient enough to subject George to personal jurisdiction in Massachusetts. See Barrow Industries, Inc. v. JST America, Inc., et al., No. 01-11619-PBS, 2002 U.S. Dist. LEXIS 7490, at *11.

### C.    Constitutional Due Process Requirements Are Not Satisfied

In addition to meeting the statutory requirements of M.G.L. c. 223A, §3, the Court must determine that an exercise of jurisdiction over an out-of-state defendant satisfies the due process requirements of the Fourteenth Amendment to the United States Constitution. See Hahn v. Vermont Law School, 698 F.2d 48, 50 (1st Cir. 1983).

Due process requires that a defendant have sufficient "minimal contacts" with the forum state. Under the standard of International Shoe v. Washington, 326 U.S. 310, 316 (1945), these contacts must be sufficient so that the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." World-Wide Volkswagen v. Woodson, 444 U.S. 286, 291-92 (1980) (citations omitted). In order to find specific jurisdiction "it is essential… that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hansen v. Denckla, 357 U.S. 235, 253 (1958). The defendant's contacts with the forum state must be

13

such that "he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp., 444 U.S. at 297.

As the Court stated in Milford Power Limited Partnership v. New England Power Company, 918 F. Supp. 471 (D. Mass. 1996), there are three issues that must be addressed in considering minimum contacts in the First Circuit, i.e., relatedness, purposeful availment and reasonableness:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.

Milford Power Limited Partnership v. New England Power Company, 918 F.Supp. at 480. Analysis under each of these factors demonstrates that jurisdiction is not proper over the defendants.

### (i) Relatedness

The court first determines if the cause of action arose out of or is related to the defendant's contacts with the forum state. As stated above, the Defendants in this action do not have any contacts with Massachusetts. The real properties at issue in this case (i.e., the Elm Street property and the Trumbull property), are located in Connecticut. (George Affidavit, ¶¶32, 36, **Exhibit A**). Furthermore, the business at issue in this case, Pond Spring Nurseries, conducts its operations in Connecticut, not in Massachusetts. (George Affidavit, ¶39, **Exhibit A**). George only occasionally purchased nursery supplies from Massachusetts companies, however, the contact with these companies was initiated in Connecticut at Pond Spring Nurseries. (George Affidavit, ¶42, **Exhibit A**).

Any other contacts that the defendant George J. Baghdady had with Massachusetts occurred prior to 1978 and were limited to discussions between George and Sami while he was in Massachusetts about a Connecticut property (i.e., the Barnum Avenue property) and a Connecticut business (i.e., the Mary Carter Paints & Garden Center) <u>which are not at issue in this case</u>. (George Affidavit, ¶31, **Exhibit A**).

Therefore, it cannot be found that the plaintiff's cause of action arose out of any contacts that the Defendants may have had in Massachusetts. Instead, the cause of action arises out of contacts that the Defendants have in Connecticut only.

### (ii) **Purposeful Availment**

The due process analysis rests on two "cornerstones": "foreseeability" and "voluntariness." <u>Ticketmaster</u>, 26 F.3d at 207. "The 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attentuated' contacts… Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that creates a 'substantial connection' with the forum State." <u>Burger King v. Rudzewicz</u>, 471 U.S. 462, 475 (1985) (citations omitted).

The facts here demonstrate that the Defendants did not purposefully direct activity toward Massachusetts to an extent that would satisfy this element of the due process analysis. Any activity concerning the Elm Street and Trumbull properties has occurred solely in Connecticut, as they are located in Connecticut. (George Affidavit, ¶¶32, 36, **Exhibit A**). Furthermore, any activity concerning the Pond Spring Nurseries business occurs in Connecticut, not Massachusetts. (George Affidavit, ¶39, **Exhibit A**). George occasionally purchased nursery supplies from Massachusetts companies; however, the contact with these companies was initiated in Connecticut when Massachusetts sale representatives visited Pond Spring Nurseries

in Trumbull, Connecticut to solicit business. (George Affidavit, ¶42, **Exhibit A**). Therefore, it is clear that George never purposefully availed himself of jurisdiction in Massachusetts.

### (iii)  The Gestalt Factors

The Court must also consider whether the exercise of jurisdiction over the Defendants in the circumstances of this case would offend traditional notions of "fair play and substantial justice." Burger King, 471 U.S. at 476. The courts have developed a five-factor "Gestalt" analysis to consider these due process concepts. The factors include:

> (1) The defendant's burden of appearing, (2) the forums state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies.

Milford Power Limited Partnership, 918 F.Supp. at 481. Application of these factors in this case favors the conclusion that jurisdiction should not be exercised. The plaintiff has filed suit concerning a purported breach of an alleged partnership agreement. According to the plaintiff, the agreement allegedly concerns the Elm Street and Trumbull properties. Furthermore, the agreement allegedly concerns the Pond Spring Nurseries business which is operated solely in Connecticut.

All of the Defendants reside in Connecticut. (George Affidavit, ¶2, **Exhibit A**; *see also* Sylvia Affidavit, ¶2, **Exhibit B**; George Jr. Affidavit, ¶2, **Exhibit C**). Both the Elm Street and Trumbull properties are located in Connecticut. (George Affidavit, ¶¶32, 36, **Exhibit A**). Most, if not all, of the witnesses with relevant testimony reside in Connecticut and the Pond Spring Nurseries business is operated in Connecticut. Any documents relevant to this matter are kept in Connecticut, including all documents on file with the Connecticut authorities.

The plaintiff has attempted to create personal jurisdiction where none exists for the sake of litigating this case in Massachusetts merely because he resides there and it would be more convenient for him.  In Paragraph 11 of the Complaint, plaintiff attempts to create personal jurisdiction over the Defendants.  However, all of the plaintiff's vague references in paragraph 11 of the Complaint refer to alleged business dealings that purportedly occurred over thirty years ago and concern, if anything, the Mary Carter Paints & Garden Center, which is a different business than the Pond Spring Nurseries business which is at issue in this case.  The Mary Carter Paints & Garden Center business was transferred to Sylvia M. Baghdady's brother, Andrew Zartolas, in 1973.  (George Affidavit, ¶31, **Exhibit A**).

Therefore, due to the lack of contacts in Massachusetts, the exercise of jurisdiction over the Defendants in Massachusetts would offend traditional notions of "fair play and substantial justice."  Therefore, the Defendants are not subject to jurisdiction in Massachusetts.

## II.   VENUE SHOULD BE TRANSFERED IF THIS ACTION IS NOT DISMISSED

In the event this Court does not dismiss this action, it should transfer venue to the United States District Court for the District of Connecticut.  The transfer of a civil action from one federal district court to another is governed by 28 U.S.C. §1404(a), which states as follows:  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The decision to transfer a case to a different venue is within the discretion of the district court.  Home Products International – North America, Inc. v. Peoplesoft USA, Inc., 201 F.R.D. 42, 48 (D. Mass. 2001).[1]

---

[1] The First Circuit views Section 1404(a) as a codification of the doctrine of forum non conveniens. Pike v. Clinton Fishpacking, Inc., No. 00-10179, 2001 U.S. Dist. LEXIS 7334, at 23 (D. Mass. May 31, 2002) (a copy of which is attached hereto as **Exhibit H**).  "The defendant must bear the burden of proving both the availability of an adequate alternative forum and that considerations of convenience and judicial efficiency strongly favor litigating the claim in

Several factors are considered when measuring the convenience of litigating in a particular forum, including: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of witnesses and location of documents, (4) connection between the forum and the issues of the case, (5) the law to be applied, and (6) state or public interest at stake. Kleinerman v. Luxtron Corp., et al., 107 F.Supp. 2d 122, 125 (D. Mass. 2000). Although there is a presumption in favor of the plaintiff's choice of forum, the weight given to the plaintiff's choice varies with the circumstances of the case. Brant Point Corp. v. Poetzsch, 671 F.Supp. 2, 5 (D. Mass. 1987). When the operative facts of the case have no material connection with the plaintiff's chosen forum, that forum carries less weight and is "given equal consideration along with other factors which must be considered under §1404." Id.; see also Walter E. Heller & Co. v. James Godbe Co., et al., 601 F.Supp. 319, 321-22 (N.D. Ill. 1984).

The strong connections of this suit to Connecticut weigh heavily in favor of such a transfer. Venue is proper in the District of Connecticut and this action could have been brought there originally, as the Defendants are all located in Connecticut. All of the evidence concerning the purchase of those properties and the creation of the Pond Spring Nurseries business are located in Connecticut. Furthermore, each of the Defendants, and most, if not all, witnesses with relevant information concerning this suit reside in Connecticut. See Symbol Technologies v. Quantum Associates, Inc., No. 01-10983, 2002 U.S. Dist. LEXIS 1500, at *6-8 (D. Mass. Jan. 30, 2002) (transferring venue from Massachusetts to California forum where contracts were governed by California law, bulk of events leading to dispute occurred in California, contracts were predominantly negotiated in California, and several key players and witnesses were located in California) (a copy of which is attached hereto as **Exhibit H**). Moreover, given that the

---

the alternative forum." Id. (citations omitted). "Convenience of the expected witness is probably the most important factor…" Home Products, 201 F.R.D. at 48.

defendant George J. Baghdady is 79 years old and the defendant Sylvia M. Baghdady is 77 years old, defending this action in Massachusetts would constitute a significant hardship for them.

Therefore, in the interest of justice, in the event the Court decides not to dismiss this case in its entirety, the Defendants request that the Court transfer venue to the United States District Court for the District of Connecticut.

## **CONCLUSION**

For each of the foregoing reasons, Defendants respectfully request that the Court dismiss this action for lack of personal jurisdiction.  If the Court does not dismiss this lawsuit in its entirety, the Defendants respectfully request that the Court transfer this case to Connecticut.

                DEFENDANTS,
                By their attorneys,

                /s/ John W. Steinmetz_____
                James A. Wade, *Pro Hac Vice*
                John W. Steinmetz, (BBO# 568108)
                Caryn L. Daum, (BBO# 647001)
                ROBINSON & COLE, LLP
                One Boston Place
                Boston, MA 02108
                (617) 557-5900

Dated:  September 27, 2004

## CERTIFICATE OF SERVICE

I, John W. Steinmetz, hereby certify that a true and accurate copy of the foregoing document was served by first-class mail, postage prepaid, on this 27th day of September, 2004, upon:

>Michael P. Angelini, Esq.
>Kimberly A. Stone, Esq.
>Bowditch & Dewey, LLP
>311 Main Street
>Worcester, MA 01615

/s/ John W. Steinmetz
John W. Steinmetz