# EXHIBIT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SAMI J. BAGHDADY, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GEORGE J. BAGHDADY; | ) | Civil Action No. 04-11683 NG |
| GEORGE J. BAGHDADY and GEORGE J. | ) | |
| BAGHDADY, JR., as Trustees of the Sylvia M. | ) | |
| Baghdady Qualified Personal Residence Trust; | ) | |
| SYLVIA M. BAGHDADY and GEORGE J. | ) | |
| BAGHDADY, JR., as Trustees of the George J. | ) | |
| Baghdady Qualified Personal Residence Trust; | ) | |
| and THE BAGHDADY FAMILY LIMITED | ) | |
| PARTNERSHIP, | ) | |
| | ) | |
| **Defendants.** | ) | |

## AFFIDAVIT OF GEORGE J. BAGHDADY

I, George J. Baghdady, being duly sworn depose and state as follows:

1.     I am of sound mind and legal age and make this Affidavit with free will and good faith.

2.     I reside at 104 Elm Street, Monroe, Connecticut with my wife, Sylvia M. Baghdady.

3.     I am the brother of the plaintiff, Sami J. Baghdady.

4.     I am 79 years old.

5.     I transferred my interest in the property located at 104 Elm Street, Monroe, Connecticut into the George J. Baghdady Qualified Personal Residence Trust as part of my estate plan.

6.     The George J. Baghdady Qualified Personal Residence Trust was organized under the laws of the State of Connecticut.

BOST1-835250-5

7.      The Trustees of the George J. Baghdady Qualified Personal Residence Trust are my wife, Sylvia M. Baghdady, and my son, George J. Baghdady, Jr.

8.      I am a Trustee of the Sylvia M. Baghdady Qualified Personal Residence Trust.

9.      The Sylvia M. Baghdady Qualified Personal Residence Trust owns a one-half interest in the property located at 104 Elm Street, Monroe, Connecticut.

10.     I am a General Partner in The Baghdady Family Limited Partnership. My wife is also a General Partner in The Baghdady Family Limited Partnership. The Limited Partners of The Baghdady Family Limited Partnership are Marshal D. Gibson and George J. Baghdady, Jr., as trustees of The George J. Baghdady, Jr. 1991 Trust; The David Baghdady 1991 Trust; The Raymond Baghdady 1991 Trust; and The Lucille G. Baghdady 1991 Trust.

11.     The Baghdady Family Limited Partnership holds the legal title to the property located at 7090 Main Street, Trumbull, Connecticut.

12.     The Baghdady Family Limited Partnership was organized under the laws of the State of Connecticut.

13.     My son, George J. Baghdady, Jr. resides at 28 Purdy Hill Road, Monroe, Connecticut.

14.     Marshal D. Gibson is a resident of Connecticut, with an address of Two Whitney Avenue, New Haven, Connecticut.

15.     I do not have an interest in, use or possess real property in the Commonwealth of Massachusetts.

16.     I do not conduct any business in the Commonwealth of Massachusetts other than having made very limited purchases on behalf of Pond Spring Nurseries from Massachusetts sales representatives who visited me in Connecticut. As described below, all such purchases were a minimal amount of the purchases made by Pond Spring Nurseries annually and resulted from an

initial contact being made in Connecticut at my place of business by sales representatives from the Massachusetts companies.

17. I do not solicit any business in the Commonwealth of Massachusetts.

18. I do not advertise any business in the Commonwealth of Massachusetts.

19. I do not maintain any personal or business accounts in the Commonwealth of Massachusetts.

20. I do not maintain or operate any businesses in the Commonwealth of Massachusetts.

21. The Sylvia M. Baghdady Qualified Personal Residence Trust does not have an interest in, use or possess real property in the Commonwealth of Massachusetts.

22. The Sylvia M. Baghdady Qualified Personal Residence Trust does not conduct, solicit or advertise any business in the Commonwealth of Massachusetts.

23. The Sylvia M. Baghdady Qualified Personal Residence Trust does not maintain any business accounts in the Commonwealth of Massachusetts.

24. The Sylvia M. Baghdady Qualified Personal Residence Trust does not maintain or operate any businesses in the Commonwealth of Massachusetts.

25. The Baghdady Family Limited Partnership does not have an interest in, use or possess real property in the Commonwealth of Massachusetts.

26. The Baghdady Family Limited Partnership does not conduct any business in the Commonwealth of Massachusetts.

27. The Baghdady Family Limited Partnership does not solicit any business in the Commonwealth of Massachusetts.

28. The Baghdady Family Limited Partnership does not advertise any business in the Commonwealth of Massachusetts.

3

29.    The Baghdady Family Limited Partnership does not maintain any personal or business accounts in the Commonwealth of Massachusetts.

30.    The Baghdady Family Limited Partnership does not maintain or operate any businesses in the Commonwealth of Massachusetts.

31.    From approximately 1957 until approximately 1970, I had limited dealings with my brother, Sami, regarding a business (*i.e.,* the Mary Carter Paints & Garden Center) <u>that is not the subject of this lawsuit</u>. Mary Carter Paints & Garden Center initially began as a paint store only, selling paints and related products, but was expanded by me in or about 1960 to include the sale of nursery/garden stock and related products. Mary Carter Paints & Garden Center was always run as one business, with one set of books and one checking account. Sami transferred his interest in the Mary Carter Paints & Garden Center business to me in or about 1970; I sold the Mary Carter Paints & Garden Center business to my wife's brother, Andrew Zartolas, Sr. in 1973, who sold it later that year to James F. Shevlin, who continued to operate it as one business under the name "Mary Carter Paints & Garden Center." From approximately 1957 until approximately 1978, I had limited dealings with my brother, Sami, regarding a property (*i.e,* 2221-2225 Barnum Avenue, Stratford, Connecticut, hereinafter "the Barnum Avenue Property") <u>that is not the subject of this lawsuit</u>. I have never had any business, or other, relationship with Sami regarding the business Pond Spring Nurseries and the properties at 104 Elm Street, Monroe, Connecticut and 7090 Main Street, Trumbull, Connecticut that are the subject of this lawsuit.

### No Relationship With Sami Regarding
### The Elm Street Property, The Trumbull Property and Pond Spring Nurseries
### Which *Are the Subject of this Lawsuit*

1.    **104 Elm Street, Monroe, Connecticut property**

32.    In 1969, my wife and I purchased the property at 104 Elm Street, Monroe, Connecticut

(the "Elm Street property") with the intention of using it for our primary residence. I have never

made any agreement, oral, written or implied, to include Sami as a partner in any manner or

degree in the Elm Street property. The first claim I ever heard from Sami regarding the Elm

Street property was in the course of this lawsuit.

33.    I alone negotiated with the sellers regarding the purchase price, the accepted offer to

purchase was made solely by my wife and I, the Purchase and Sales agreement was executed

solely by my wife and I as purchasers, the purchase was paid for with funds provided exclusively

by my wife and I and the deed was recorded in the name of my wife and I in survivorship. My

wife and I have continuously owned this property for the last 35 years and have exclusively paid

all costs and expenses associated therewith. We have given approximately ten mortgages on the

Elm Street property. We have made major alterations to the home thereon and to the Elm Street

property itself. This was all done with the full knowledge and complete absence of any

participation, consultation, demand, or comment from my brother Sami indicating that he held a

belief that he in any way held any rights to the property.

34.    The purchase of the Elm Street property by my wife and I was completely separate from

the Mary Carter Paints & Garden Center business and my brother Sami. Sami was never

consulted and did not participate in any matters regarding the purchase of the Elm Street

property. He had absolutely no contact with our closing attorney, Raymond Ganim, regarding

the purchase, and did not contribute any money in any fashion towards the purchase of the Elm Street property.

35.     I have not had any business dealings with Massachusetts with respect to the Elm Street property, and the Elm Street property has no connections to Massachusetts.

### 2.    Pond Spring Nurseries and the Trumbull Property

36.     In 1973, my wife and I purchased Pond Spring Nursery and the property on which it is situated at 7090 Main Street, Trumbull, CT ("Trumbull Property") which was a wholly separate business from the Mary Carter Paints & Garden Center business. In the 1980's, the name "Pond Spring Nursery" was changed to "Pond Spring Nurseries".

37.     I alone negotiated with the sellers regarding the purchase price, the accepted offer to purchase was made solely by my wife and I, the Purchase and Sales agreement was executed solely by my wife and I as purchasers, the purchase was paid for with funds provided exclusively by my wife and I and the deed was recorded in the name of my wife and I in survivorship.. As part of our estate plan, my wife and I transferred the title of the Trumbull Property to The Baghdady Family Limited Partnership in 1991. This was all done with the full knowledge and complete absence of any participation, consultation, demand, or comment from by brother Sami indicating that he held a belief that he in any way held any rights to the property.

38.     The purchase of the Trumbull Property and the Pond Spring Nursery business by my wife and I was completely separate from the Mary Carter Paints & Garden Center business and my brother Sami. Sami was never consulted and did not participate in any matters regarding the purchase of the same, had absolutely no contact with our closing attorney, Raymond Ganim, regarding the purchase, and did not contribute any money in any fashion towards the purchase.

39.     Pond Spring Nurseries is a local Connecticut business run by me, my wife, and our son,

George J. Baghdady, Jr.  We operate Pond Spring Nurseries with the help of two seasonal

employees.  All business decisions regarding Pond Spring Nurseries are and have been made in

Connecticut by me, my wife and our children.  Pond Spring Nurseries does not now and has

never maintained any office(s) or location(s) in the State of Massachusetts.

40.     Sami has never been involved in any way in Pond Spring Nurseries and/or in the

administration of Pond Spring Nurseries.  The administration of Pond Spring Nurseries has

always been conducted in Connecticut by my wife and our children. Sami has no interest in or

rights to the Pond Spring Nurseries business.

41.     I have never made any agreement, oral, written or implied, to include Sami as a partner in

any manner or degree in the Pond Spring Nurseries business or the Trumbull Property.  The first

claim I ever heard from Sami regarding the Pond Spring Nurseries business or the Trumbull

Property was in the course of this lawsuit.

42.     Pond Spring Nurseries does not solicit business from Massachusetts or sell products in

Massachusetts.  Moreover, with respect to supplies for Pond Spring Nurseries, only a minimal

amount of supplies have been purchased from Massachusetts companies, and the contact with

these companies was initiated in Connecticut when Massachusetts sales representatives have

visited Pond Spring Nurseries in Trumbull, Connecticut to solicit business.

43.     Pond Spring Nurseries' purchases from Massachusetts companies amounted to

approximately $798.78 in 1998, $1,185.75 in 1999, $1,365.00 in 2001, $4,309 in 2002, $2,025 in

2003 and to date, approximately $4,520 in 2004.  The purchases from Massachusetts range, in

percentage, from .2% to 1.1% of Pond Spring Nurseries' total business purchases in each of

these years.  I am not, to the best of my recollection, aware of any other purchases Pond Spring

7

Nurseries has made from any Massachusetts companies. These purchases were initiated when Massachusetts sales representatives have visited Pond Spring Nurseries in Trumbull, Connecticut to solicit business as described above.

44.    Pond Spring Nurseries has no connections to Massachusetts other than the very limited purchases described above.

### Plaintiff's Inaccurate Jurisdictional Allegations

45.    There was never any merger of the "Mary Carter Paints & Garden Center" business and the "Pond Spring Nurseries" business as alleged in Sami's complaint. The Pond Spring Nurseries business was a separate and going concern when I purchased it and there was never any agreement or understanding, oral, written or implied that Pond Spring Nursery and/or the Trumbull Property were to be purchased pursuant to any partnership with the Plaintiff or subject to any claim, legal or equitable, of the Plaintiff.

46.    In paragraph 11 of the complaint, Sami alleges that the "administration of the business was conducted from Plaintiff's office in Massachusetts, with an additional office in Connecticut." This statement, if true, is true only as to the Mary Carter Paints & Garden Center business during the years of 1957-1971. As explained above, Sami has never been involved in any way in the Pond Spring Nurseries business and/or in the administration of the Pond Spring Nurseries business. The administration of the Pond Spring Nurseries business has always been conducted solely in Connecticut by me, my wife, and our children.

47.    In paragraph 11 of the complaint, Sami alleges that the "Defendant supplied sales and inventory information to Plaintiff in Massachusetts." This statement, if true, is true only as to the Mary Carter Paints & Garden Center business during the years of 1957-1971. Sami has never

been involved in any way in the Pond Spring Nurseries business and I have never supplied any sales and inventory information to Sami with regard to the Pond Spring Nurseries business.

48.    In paragraph 11 of the complaint, Sami alleges that "[o]n a regular basis, the Defendant met with Plaintiff in Massachusetts to discuss the business and to make decisions relating to the business." This statement, if true, is true only as to the Mary Carter Paints & Garden Center business during the years of 1957-1971. Sami has never been involved in any way with making decisions concerning the Pond Spring Nurseries business.

49.    In paragraph 11 of the complaint, Sami alleges that "[n]ursery stock was purchased from nurseries in Massachusetts." This statement, if true, is true only as to the Mary Carter Paints & Garden Center business during the years of 1957-1971. The Pond Spring Nurseries business has not purchased nursery stock from nurseries in Massachusetts other than in the very limited instances described in Paragraph 39 herein.

50.    In paragraph 11 of the complaint, Sami alleges that "[t]ax returns for the business were prepared and filed from the Massachusetts office." This statement, if true, is true only as to the Mary Carter Paints & Garden Center business during the years of 1957-1971. For the past 31 years, I, doing business as Pond Spring Nurseries, have filed tax returns prepared exclusively by my accountant, Donald S. Weiner, as a sole proprietorship for George J. Baghdady in the State of Connecticut.

51.    Having to litigate this case in Massachusetts would constitute a substantial hardship for me given my age and lack of connections to Massachusetts. All documents I have regarding this case are in Connecticut.

Signed under the pains and penalties of perjury this 27th day of September, 2004.

/s/ George J. Baghdady
George J. Baghdady

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SAMI J. BAGHDADY,           ) <br><br>           **Plaintiff,**     ) <br><br> **vs.**                        ) <br><br> **GEORGE J. BAGHDADY;**     ) <br> **GEORGE J. BAGHDADY and GEORGE J.**     ) <br> **BAGHDADY, JR., as Trustees of the Sylvia M.**     ) <br> **Baghdady Qualified Personal Residence Trust;**     ) <br> **SYLVIA M. BAGHDADY and GEORGE J.**     ) <br> **BAGHDADY, JR., as Trustees of the George J.**     ) <br> **Baghdady Qualified Personal Residence Trust;**     ) <br> **and THE BAGHDADY FAMILY LIMITED**     ) <br> **PARTNERSHIP,**                  ) <br><br>           **Defendants.**     ) | Civil Action No. 04-11683 NG |

**AFFIDAVIT OF SYLVIA M. BAGHDADY**

I, Sylvia M. Baghdady, being duly sworn depose and state as follows:

1.     I am of sound mind and legal age and make this Affidavit with free will and good faith.

2.     I reside at 104 Elm Street, Monroe, Connecticut along with my husband, George J. Baghdady.

3.     I am 77 years old.

4.     My husband and I purchased the property at 104 Elm Street, Monroe, Connecticut in 1969.

5.     I transferred my one-half interest in the property located at 104 Elm Street, Monroe, Connecticut into the Sylvia M. Baghdady Qualified Personal Residence Trust as part of my estate plan.

6.    The Sylvia M. Baghdady Qualified Personal Residence Trust was organized under the laws of the State of Connecticut.

7.    The Trustees of the Sylvia M. Baghdady Qualified Personal Residence Trust are my husband, George J. Baghdady, and my son, George J. Baghdady, Jr.

8.    I am a Trustee of the George J. Baghdady Qualified Personal Residence Trust.

9.    The George J. Baghdady Qualified Personal Residence Trust owns a one-half interest in the property located at 104 Elm Street, Monroe, Connecticut.

10.    I am also a General Partner in The Baghdady Family Limited Partnership.  My husband is also a General Partner in The Baghdady Family Limited Partnership.  The Limited Partners of The Baghdady Family Limited Partnership are Marshal D. Gibson and George J. Baghdady, Jr., as trustees of The George J. Baghdady, Jr. 1991 Trust; The David Baghdady 1991 Trust; The Raymond Baghdady 1991 Trust; and The Lucille G. Baghdady 1991 Trust.

11.    The Baghdady Family Limited Partnership holds the legal title to the property located at 7090 Main Street, Trumbull, Connecticut.

12.    My son, George J. Baghdady, Jr. resides at 28 Purdy Hill Road, Monroe, Connecticut.

13.    Marshal D. Gibson is a resident of Connecticut, with an address of Two Whitney Avenue, New Haven, Connecticut.

14.    I do not in any capacity have an interest in, use or possess real property in the Commonwealth of Massachusetts.

15.    I do not in any capacity conduct any business in the Commonwealth of Massachusetts.

16.    I do not in any capacity solicit any business in the Commonwealth of Massachusetts.

17.    I do not in any capacity advertise any business in the Commonwealth of Massachusetts.

18.    I do not in any capacity maintain any personal or business accounts in the Commonwealth of Massachusetts.

19.    I do not in any capacity maintain or operate any businesses in the Commonwealth of Massachusetts.

20.    The George J. Baghdady Qualified Personal Residence Trust does not have an interest in, use or possess real property in the Commonwealth of Massachusetts.

21.    The George J. Baghdady Qualified Personal Residence Trust does not conduct, solicit or advertise any business in the Commonwealth of Massachusetts.

22.    The George J. Baghdady Qualified Personal Residence Trust does not maintain any business accounts in the Commonwealth of Massachusetts.

23.    The George J. Baghdady Qualified Personal Residence Trust does not maintain or operate any businesses in the Commonwealth of Massachusetts.


Signed under the pains and penalties of perjury this 27th day of September, 2004.


/s/ Sylvia M. Baghdady
Sylvia M. Baghdady

# EXHIBIT C

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMI J. BAGHDADY,<br><br>Plaintiff,<br><br>vs.<br><br>GEORGE J. BAGHDADY;<br>GEORGE J. BAGHDADY and GEORGE J.<br>BAGHDADY, JR., as Trustees of the Sylvia M.<br>Baghdady Qualified Personal Residence Trust;<br>SYLVIA M. BAGHDADY and GEORGE J.<br>BAGHDADY, JR., as Trustees of the George J.<br>Baghdady Qualified Personal Residence Trust;<br>and THE BAGHDADY FAMILY LIMITED<br>PARTNERSHIP,<br><br>Defendants. | Civil Action No. 04-11683 NG |

## AFFIDAVIT OF RAYMOND W. GANIM, ESQ.

I, Raymond W. Ganim, being duly sworn depose and state as follows:

1.  I am of sound mind and legal age and make this Affidavit with free will and good faith.

2.  I am 82 years old and have been an attorney licensed to practice law in the State of Connecticut for over 50 years.

3.  I am the first cousin to both George J. Baghdady and Sami J. Baghdady.

4.  I have represented both George J. Baghdady and Sami J. Baghdady in various matters since 1957.

5.  Furthermore, I represented George J. Baghdady and Sylvia M. Baghdady in the purchase of their residence at 104 Elm Street, Monroe, Connecticut (the "Elm Street property") in 1969.

6.      The Purchase and Sales Agreement was signed by George J. Baghdady and Sylvia M. Baghdady as purchasers, and title was closed on February 17, 1969 in the names of George J. Baghdady and Sylvia M. Baghdady only and was paid for using funds provided to me exclusively by George J. Baghdady and Sylvia M. Baghdady.

7.      Since their purchase of the Elm Street property, I have assisted George and Sylvia in the mortgaging and re-mortgaging of the property on no less than five (5) occasions.

8.      At no time prior to or subsequent to the closing on the Elm Street property have I ever received any indication or any communication in any form from Sami J. Baghdady or anyone purporting to act on his behalf of any claimed interest in the Elm Street property, legal or otherwise.

9.      At no time prior to or subsequent to the closing on the Elm Street property did I receive any indication or any communication from George J. Baghdady and/or Sylvia M. Baghdady or anyone purporting to act on their behalf of any alleged interest of Sami J. Baghdady or any other individual(s) in the Elm Street property, legal or otherwise.

10.     In 1973, I represented George J. Baghdady in the purchase of the Pond Spring Nursery and the property located at 7090 Main Street, Trumbull, CT (the "Main Street property"). The Purchase and Sales agreement was signed by George J. Baghdady and Sylvia M. Baghdady as purchasers, the purchase was closed with funds provided to me exclusively from George J. Baghdady and Sylvia M. Baghdady and the property was recorded solely in their names.

11.     At no time prior to or subsequent to the closing on the Pond Spring Nursery and Main Street property did I receive any indication or communication from Sami J. Baghdady or anyone purporting to act on his behalf of any claimed interest in the Pond Spring Nursery business or the Main Street property, legal or otherwise.

12.     At no time prior to or subsequent to the closing on the Pond Spring Nursery and Main Street property did I receive any indication or communication from George J. Baghdady and/or Sylvia M. Baghdady or anyone purporting to act on their behalf of any alleged interest of Sami J. Baghdady or any other individual(s) in the Pond Spring Nursery business or the Main Street property, legal or otherwise.

Signed under the pains and penalties of perjury this 23rd day of September, 2004.

/s/ Raymond W. Ganim
Raymond W. Ganim

# EXHIBIT D

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMI J. BAGHDADY,<br><br>        **Plaintiff,**<br><br>vs.<br><br>GEORGE J. BAGHDADY;<br>GEORGE J. BAGHDADY and GEORGE J.<br>BAGHDADY, JR., as Trustees of the Sylvia M.<br>Baghdady Qualified Personal Residence Trust;<br>SYLVIA M. BAGHDADY and GEORGE J.<br>BAGHDADY, JR., as Trustees of the George J.<br>Baghdady Qualified Personal Residence Trust;<br>and THE BAGHDADY FAMILY LIMITED<br>PARTNERSHIP,<br><br>        **Defendants.** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )<br><br>Civil Action No. 04-11683 NG |

## <u>AFFIDAVIT OF GEORGE J. BAGHDADY, JR.</u>

I, George J. Baghdady, Jr., being duly sworn depose and state as follows:

1.     I am of sound mind and legal age and make this Affidavit with free will and good faith.

2.     I reside at 28 Purdy Hill Road, Monroe, Connecticut.

3.     I am the son of George J. Baghdady and Sylvia M. Baghdady.

4.     I am a Trustee of the Sylvia M. Baghdady Qualified Personal Residence Trust.

5.     The Sylvia M. Baghdady Qualified Personal Residence Trust owns a one-half interest in the property located at 104 Elm Street, Monroe, Connecticut.

6.     I am a Trustee of the George J. Baghdady Qualified Personal Residence Trust.

7.     The George J. Baghdady Qualified Personal Residence Trust owns a one-half interest in the property located at 104 Elm Street, Monroe, Connecticut.

BOST1-835109-3

8.    I am also a Limited Partner in The Baghdady Family Limited Partnership, in my capacity as trustee as of The George J. Baghdady, Jr. 1991 Trust; The David Baghdady 1991 Trust; The Raymond Baghdady 1991 Trust; and The Lucille G. Baghdady 1991 Trust.

9.    I do not in any capacity have an interest in, use or possess real property in the Commonwealth of Massachusetts.

10.    I do not in any capacity conduct any business in the Commonwealth of Massachusetts.

11.    I do not in any capacity solicit any business in the Commonwealth of Massachusetts.

12.    I do not in any capacity advertise any business in the Commonwealth of Massachusetts.

13.    I do not in any capacity maintain any personal or business accounts in the Commonwealth of Massachusetts.

14.    I do not in any capacity maintain or operate any businesses in the Commonwealth of Massachusetts.

15.    Neither the Sylvia M. Baghdady Qualified Personal Residence Trust nor the George J. Baghdady Qualified Personal Residence Trust have an interest in, use or possess real property in the Commonwealth of Massachusetts.

16.    Neither the Sylvia M. Baghdady Qualified Personal Residence Trust nor the George J. Baghdady Qualified Personal Residence Trust conduct, solicit or advertise any business in the Commonwealth of Massachusetts.

17.    Neither the Sylvia M. Baghdady Qualified Personal Residence Trust nor the George J. Baghdady Qualified Personal Residence Trust maintain any business accounts in the Commonwealth of Massachusetts.

18.     Neither the Sylvia M. Baghdady Qualified Personal Residence Trust nor the George J. Baghdady Qualified Personal Residence Trust maintain or operate any businesses in the Commonwealth of Massachusetts.

19.     The Baghdady Family Limited Partnership does not have an interest in, use or possess real property in the Commonwealth of Massachusetts.

20.     The Baghdady Family Limited Partnership does not conduct any business in the Commonwealth of Massachusetts.

21.     The Baghdady Family Limited Partnership does not solicit any business in the Commonwealth of Massachusetts.

22.     The Baghdady Family Limited Partnership does not advertise any business in the Commonwealth of Massachusetts.

23.     The Baghdady Family Limited Partnership does not maintain any personal or business accounts in the Commonwealth of Massachusetts.

24.     The Baghdady Family Limited Partnership does not maintain or operate any businesses in the Commonwealth of Massachusetts.


        Signed under the pains and penalties of perjury this 27th day of September, 2004.


                                        /s/ George J. Baghdady, Jr.
                                        George J. Baghdady, Jr.

# EXHIBIT E

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMI J. BAGHDADY,<br><br>       **Plaintiff,**<br><br>**vs.**<br><br>**GEORGE J. BAGHDADY;**<br>**GEORGE J. BAGHDADY and GEORGE J.**<br>**BAGHDADY, JR., as Trustees of the Sylvia M.**<br>**Baghdady Qualified Personal Residence Trust;**<br>**SYLVIA M. BAGHDADY and GEORGE J.**<br>**BAGHDADY, JR., as Trustees of the George J.**<br>**Baghdady Qualified Personal Residence Trust;**<br>**and THE BAGHDADY FAMILY LIMITED**<br>**PARTNERSHIP,**<br><br>       **Defendants.** | Civil Action No. 04-11683 NG |

## AFFIDAVIT OF MARSHAL D. GIBSON

I, Marshal D. Gibson, being duly sworn depose and state as follows:

1.    I am of sound mind and legal age and make this Affidavit with free will and good faith.

2.    I am a resident of Connecticut, with an address of Two Whitney Avenue, New Haven, Connecticut.

3.    I am a trustee of The George J. Baghdady, Jr. 1991 Trust; The David Baghdady 1991 Trust; The Raymond Baghdady 1991 Trust; and The Lucille G. Baghdady 1991 Trust (hereinafter referred to collectively as the "Trusts"). The Trusts are each Limited Partners of the Baghdady Family Limited Partnership

4.    In my capacity as trustee as described herein, I do not have an interest in, use or possess real property in the Commonwealth of Massachusetts.

BOST1-835628-3

5.     In my capacity as trustee as described herein, I do not conduct any business in the Commonwealth of Massachusetts.

6.     In my capacity as trustee as described herein, I do not solicit any business in the Commonwealth of Massachusetts.

7.     In my capacity as trustee as described herein, I do not advertise any business in the Commonwealth of Massachusetts.

8.     In my capacity as trustee as described herein, I do not maintain any personal or business accounts in the Commonwealth of Massachusetts.

9.     In my capacity as trustee as described herein, I do not maintain or operate any businesses in the Commonwealth of Massachusetts.

10.    The Trusts do no have an interest in, use or possess real property in the Commonwealth of Massachusetts.

11.    The Trusts do not conduct any business in the Commonwealth of Massachusetts.

12.    The Trusts do not solicit any business in the Commonwealth of Massachusetts.

13.    The Trusts do not advertise any business in the Commonwealth of Massachusetts.

14.    The Trusts do not maintain any financial accounts in the Commonwealth of Massachusetts.

15.    The Trusts do not maintain or operate any businesses in the Commonwealth of Massachusetts.


Signed under the pains and penalties of perjury this 25th day of August, 2004.


                                        /s/ Marshal D. Gibson
                                        Marshal D. Gibson

# EXHIBIT F

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SAMI J. BAGHDADY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GEORGE J. BAGHDADY; | ) | Civil Action No. 04-11683 NG |
| GEORGE J. BAGHDADY and GEORGE J. | ) | |
| BAGHDADY, JR., as Trustees of the Sylvia M. | ) | |
| Baghdady Qualified Personal Residence Trust; | ) | |
| SYLVIA M. BAGHDADY and GEORGE J. | ) | |
| BAGHDADY, JR., as Trustees of the George J. | ) | |
| Baghdady Qualified Personal Residence Trust; | ) | |
| and THE BAGHDADY FAMILY LIMITED | ) | |
| PARTNERSHIP, | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF JAMES SHEVLIN

I, James Shevlin, being duly sworn depose and state as follows:

1.     I am of sound mind and legal age and make this Affidavit with free will and good faith.

2.     In 1973, I purchased the Mary Carter Paint & Garden Center business at 2225 Barnum Avenue, Stratford, CT from Andrew Zartolas.

3.     When I purchased the Mary Carter Paint & Garden Center business, it was one business operating as a paint store and garden center.  The paint store and garden center were not separate businesses.

Signed under the pains and penalties of perjury this 25th day of August, 2004.

/s/ James F. Shevlin
James F. Shevlin

# EXHIBIT G

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMI J. BAGHDADY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| GEORGE J. BAGHDADY; ) | Civil Action No. 04-11683 NG |
| GEORGE J. BAGHDADY and GEORGE J. ) | |
| BAGHDADY, JR., as Trustees of the Sylvia M. ) | |
| Baghdady Qualified Personal Residence Trust; ) | |
| SYLVIA M. BAGHDADY and GEORGE J. ) | |
| BAGHDADY, JR., as Trustees of the George J. ) | |
| Baghdady Qualified Personal Residence Trust; ) | |
| and THE BAGHDADY FAMILY LIMITED ) | |
| PARTNERSHIP, ) | |
| ) | |
| Defendants. ) | |

## AFFIDAVIT OF DONALD S. WIENER, CPA

I, Donald S. Weiner, being duly sworn depose and state as follows:

1.      I am of sound mind and legal age and make this Affidavit with free will and good faith.

2.      I have been a licensed Certified Public Accountant practicing in Connecticut for over 30 years.

3.      I have served as the accountant for George J. Baghdady and Sylvia M. Baghdady since 1973, and for The Baghdady Family Limited Partnership since 1991.

4.      I have prepared and assisted in the filing of all business and personal income tax returns for George and Sylvia Baghdady and The Baghdady Family Limited Partnership in the State of Connecticut during this time period.

BOST1-835529-3

5.     I have prepared and assisted in the filing of all tax returns and tax related documents in the State of Connecticut pertaining to the business known as Pond Spring Nurseries, the property located at 7090 Main Street, Trumbull, CT and the Baghdady residence located at 104 Elm Street, Monroe, CT.

6.     For the past 31 years, the business known as Pond Spring Nurseries has filed tax returns as a sole proprietorship for George J. Baghdady in the State of Connecticut.  The only offices for Pond Spring Nurseries that I have ever known of have been in the State of Connecticut.  No expenses or deductions were ever taken for any other offices.

7.     At no time in the past 31 years has anyone advised me of any other interest of Sami J. Baghdady in the business known as Pond Spring Nurseries, the property at 7090 Main Street, Trumbull, CT and the Baghdady residence located at 104 Elm Street, Monroe, CT.  This information would have been necessary for proper and accurate tax reporting and filings.

8.     To the best of my recollection, at no time in the past 31 years while serving as George and Sylvia Baghdady's accountant have I ever received any form of request from Sami J. Baghdady or anyone purporting to act on his behalf for any information related to the business known as Pond Spring Nurseries, the property at 7090 Main Street, Monroe, CT, or the Baghdady residence located at 104 Elm Street, Monroe, CT.

9.     Furthermore, to the best of my recollection, I have never been instructed by George or Sylvia Baghdady or anyone purporting to act on their behalf to transmit any such information to Sami J. Baghdady or anyone purporting to act on his behalf.

        Signed under the pains and penalties of perjury this 24th day of August, 2004.

                                            /s/ Donald S. Wiener, CPA
                                            Donald S. Wiener, CPA