## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **SAMI J. BAGHDADY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | |
| ) | |
| **GEORGE J. BAGHDADY;** ) | **Civil Action No. 04-11683 NG** |
| **GEORGE J. BAGHDADY and GEORGE J.** ) | |
| **BAGHDADY, JR., as Trustees of the Sylvia M.** ) | |
| **Baghdady Qualified Personal Residence Trust;** ) | |
| **SYLVIA M. BAGHDADY and GEORGE J.** ) | |
| **BAGHDADY, JR., as Trustees of the George J.** ) | |
| **Baghdady Qualified Personal Residence Trust;** ) | |
| **and THE BAGHDADY FAMILY LIMITED** ) | |
| **PARTNERSHIP,** ) | |
| ) | |
| **Defendants.** ) | |

### REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
### OR TO TRANSFER VENUE IF ACTION IS NOT DISMISSED IN ITS ENTIRETY

### INTRODUCTION

Sami J. Baghdady ("Sami") argues that this case should not be dismissed because he claims that this Court has personal jurisdiction over the Defendants in Massachusetts. However, Sami's arguments should be rejected by this Court, and the case should be dismissed, as Sami has failed to meet his burden of proving that the Court has personal jurisdiction over each of the Defendants under the Massachusetts Long-Arm Statute or under the Due Process Clause of the Constitution of the United States.

Sami argues that the Court should hold him to only a prima facie burden of proof on the issue of jurisdiction. Sami cannot, however, even meet this burden of proof, as he has offered no credible evidence to support jurisdiction over the Defendants. Moreover, given the contradictions presented by the evidence before the Court, the heightened preponderance of the evidence burden should be applied by the Court. This burden of proof requires an evidentiary hearing on the issue of jurisdiction. Thus, should the Court find that Sami has overcome the prima facie burden based upon the pleadings, a evidentiary hearing should be held under the heightened preponderance of the evidence standard. The preponderance of the evidence certainly does not support jurisdiction in Massachusetts.

Even assuming, *arguendo*, there was personal jurisdiction over the Defendants in Massachusetts, a transfer to Connecticut is appropriate. In his opposition brief, Sami claims that "[t]ransferring the case to Connecticut will not make it any more convenient for anyone involved in the case." (See Opposition, p. 9). This is simply wrong. Each of the Defendants (including George Baghdady, who is 79 years old) resides in Connecticut. Moreover, most of the defense witnesses, including, without limitation, Marshal Gibson and James Shevlin, reside in Connecticut. The business that the plaintiff is claiming an interest in is operated in Connecticut, and the properties that the plaintiff is claiming an interest in are both located in Connecticut. All of the documents related to this business and these properties are on file with the appropriate authorities in Connecticut. Connecticut is the appropriate forum for this case.

## ARGUMENT

**I.**    **Plaintiff Has Not Met His Burden of
Establishing Jurisdiction Over The Defendants.**

**A.    Burden of Proof**

When a defendant moves to dismiss an action for lack of in personam jurisdiction under

Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of proving the court's personal jurisdiction

over the defendant.  Moldflow Corporation v. Simcon, Inc., 296 F. Supp. 2d 34, 38 (D. Mass.

2003).  Sami has not met his burden.

In his Opposition, Sami argues that the prima facie burden of proof should apply in this

case.  Under this burden of proof, he is required to provide credible and properly documented

evidence to support his claim of jurisdiction.  See Daynard v. Ness, Motley, Loadholt,

Richardson & Poole, P.A., 290, F. 3d 42, 50 (1st Cir. 2002).  While the Court can consider

uncontradicted, specific facts affirmatively alleged by Sami as true under the prima facie burden,

the Court is not required to "credit conclusory allegations or draw far-fetched inferences."

Workgroup Technology Corporation v. MGM Grand Hotel, LLC, 246 F. Supp. 2d 102, 108 (D.

Mass. 2003).  Moreover, because questions of personal jurisdiction involve a detailed

examination of the particular circumstances of each case, facts of jurisdictional significance must

be set forth at some length under the prima facie burden.  Merced v. JLG Industries, Inc., 170 F.

Supp. 2d 65, 70 (D. Mass. 2001).

As set forth below, Sami cannot meet the prima facie burden as he has not set forth

credible and properly documented evidence of jurisdiction over the Defendants.  Indeed, the

affidavit he submitted in support of his opposition is directly contradicted by his own prior sworn

testimony.  As Sami has not satisfied even the prima facie burden of proof, this case should be

dismissed.

Moreover, should the Court find that Sami has overcome the hurdle of the prima facie test through his pleadings, a hearing should be scheduled under the more rigorous preponderance of the evidence standard of proof.  There are instances, such as this case, where it would be unfair to force out-of-state defendants to incur the expense and burden of a trial on the merits in the local forum without first requiring more of the plaintiff than a prima facie showing of facts essential to in personam jurisdiction. <u>Boit v. Gar-tec Products</u>, 967 F. 2d 671, 676 (1st Cir. 1992).  This occurs when the "proffered evidence is conflicting and the record is rife with contradictions", or when a plaintiff's affidavits are "patently incredible." <u>Id.</u>  In those situations, the court should require the plaintiff to meet the preponderance of the evidence standard of proof. <u>Moldflow Corporation v. Simcon, Inc.</u>, 296 F. Supp. 2d 34, 38 (D. Mass. 2003) (discussing applicable burdens of proof with respect to personal jurisdiction).

Under the preponderance of the evidence method, the court, acting as fact-finder, actually determines on the basis of the evidence proffered, ordinarily in an evidentiary hearing, whether the jurisdictional facts are more likely true than not true. <u>K&R Robinson Enterprises, Ltd. v. Asian Export Material Supply Co.</u>, 178 F.R.D. 332, 342 (D. Mass. 1998).  Under this method, the plaintiff has a higher evidentiary burden which necessitates a full-blown evidentiary hearing at which the court will adjudicate the jurisdictional issue before the case reaches trial. <u>Moldflow Corporation v. Simcon, Inc.</u>, 296 F. Supp. 2d 34, 38 (D. Mass. 2003).  Thus, should the Court find that Sami has met the prima facie burden through his pleadings, a full evidentiary hearing should be scheduled under the preponderance of the evidence standard as the "proffered evidence is conflicting and the record is rife with contradictions", and because Sami's affidavits are "patently incredible."  Sami cannot meet the preponderance of the evidence standard, and it

4

would be unfair to require the Defendants to proceed with this litigation in Massachusetts absent such a hearing.

### B.    Plaintiff Has Not Demonstrated a Prima Facie Case of Personal Jurisdiction Over the Defendants.

In his Opposition to Defendants' Motion to Dismiss (hereinafter referred to as the "Opposition"), Sami claims that he has made a prima facie showing that the Court has personal jurisdiction over the Defendants. (See Opposition, p. 6). In support of this claim, Sami relies on his affidavit and the affidavit of Mary Cooper which were both attached and incorporated into his Opposition. However, both affidavits are patently incredible as the information contained within them is vague, unsubstantiated and conclusory. Furthermore, Sami's affidavit is riddled with inconsistencies and contradictions as discussed below.

In his sworn affidavit attached to his Opposition, Sami makes vague assertions that in 1971, he advanced approximately $13,500 for expansion of the Mary Carter garden center business. (See Affidavit of Sami J. Baghdady, ¶8) (hereinafter referred to as "Sami Affidavit"). He also alleges that generally the administration of the business was conducted from his office in Massachusetts and that he and George met on a regular basis in Massachusetts to discuss business and to make decisions relating to the business. (See Sami Affidavit, ¶¶10, 11).

However, Sami previously gave sworn deposition and trial testimony in an unrelated lawsuit between George and Sami, which contradicts the allegations in his affidavit that he was in any way involved with the Mary Carter store and the administration of the business from 1971 forward.[1] Sami's deposition testimony was as follows:

---

[1] George previously filed a lawsuit against Sami in the United States District Court for the District of Connecticut, entitled George J. Baghdady v. Sami J. Baghdady, Civil Action No. 3-97-CV-1188 (AVC). The lawsuit concerned some shares in a property in Lebanon that George and Sami each had an interest in. As part of that proceeding, Sami gave sworn deposition and trial testimony which dealt with, among other things, the nature and history of his business relations with George.

> Q:    What happened to the Mary Carter store?
>
> Mr. Fortner:    The one in Stratford?
>
> Ms. Spalding:  The one in Stratford.
>
> A:    That was turned over to George in 1971.

(See Deposition of Sami J. Baghdady, p. 18, attached hereto as **Exhibit 1** (hereinafter referred to as "Sami Deposition"); see also Trial Testimony of Sami J. Baghdady, p. 83, attached hereto as **Exhibit 2** (hereinafter referred to as "Sami Trial Testimony")).  Sami also testified at his deposition that "… in 1971 when I turned over the Stratford store completely to George, I lost track of what happened."  (See Sami Deposition, **Exhibit 1**, p. 19).  He further testified as follows:

> Q:    When did you not have any part of the Mary Carter
>         store anymore?
>
> A:    The beginning of 1971, when I turned it over to
>         him.
>
> Q:    When you say you turned it over to him, tell me
>         exactly what you did.  What did that entail?
>
> A:    It entailed turning over stock and the business to
>         him.

(See Sami Deposition, **Exhibit 1**, p. 36).  Sami further clarified that he turned the Mary Carter store over to George effective on January 1, 1971.  (See Sami Deposition, **Exhibit 1**, pp. 70-71). He further testified at trial as follows:

> Q:    And during that time, then, George was continuing
>         to manage to the paint store?
>
> A:    Not after '71.
>
> Q:    Was George –
>
> A:    Excuse me, it became his store.

> Q:    You stopped being involved in the management of
>       it.
>
> A:    Correct, sir.

(See Sami Trial Testimony, **Exhibit 2**, p. 93).  Sami also admitted under oath at trial that there

was a paint store and a nursery business on the property where the Mary Carter business operated

at 2224 Barnum Avenue, Stratford, Connecticut.  (See Sami Trial Testimony, **Exhibit 2**, p. 97).

He further testified that he turned the Mary Carter store over to George "as is" and that George

was the one keeping the books and running the store.  (See Sami Deposition, **Exhibit 1**, p. 72).

Furthermore, Sami claims in his Opposition that George provided Sami's bookkeeper,

Mary Cooper, with written information in Massachusetts, so she could allegedly prepare tax

returns for the garden center businesses allegedly operated by Sami and George.  (See

Opposition, p. 3).  In support of this allegation, Sami relies on the tax returns attached to his

affidavit.  The tax returns are dated 1969 and 1970, and concern the two years prior to Sami's

transfer of the Mary Carter store to George in 1971.  In addition, none of the tax returns concern

the Pond Spring Nurseries business which Sami is claiming an interest in, which is at issue in

this case.[2]  Moreover the tax returns pre-date George's acquisition of Pond Spring Nurseries in

1973.

Furthermore, Sami claims, as a basis for personal jurisdiction in Massachusetts, that

George supplied Mary Cooper with sales data in Massachusetts concerning the alleged garden

center businesses.  In support of this claim, Sami attached to his Opposition copies of

---

[2]    For the past 31 years, Donald S. Wiener, CPA has filed all tax returns for the business known as Pond
Spring Nurseries.  All the tax returns have have been filed as a sole proprietorship for George J. Baghdady in the
State of Connecticut.  At no time in the past 31 years has anyone advised Mr. Wiener of any interest of Sami J.
Baghdady in the business known as Pond Spring Nurseries.  (See Affidavit of Donald S. Wiener, CPA, attached to
Defendants' Motion to Dismiss as **Exhibit G**.

handwritten information sheets which were allegedly prepared by George. However, noticeably, the copies attached by Sami are dated 1969 and 1970 and concern the "Mary Carter Paints & Garden Center" business which was later transferred to George in 1971. Sami has failed to attach any information dated after 1971, and has failed to produce any information concerning the Pond Spring Nurseries business which Sami is now claiming an interest in.

Sami has not been able to provide any substantive proof that he was at all involved in the acquisition of Pond Spring Nurseries, because it clear, based on the evidence before the court, that Sami was not at all involved with Pond Spring Nurseries. To the contrary, George has presented detailed signed sworn affidavits of disinterested witnesses who have represented that Sami was not at all involved with the purchase or operation of Pond Spring Nurseries. (See Affidavit of Donald S. Wiener, CPA, ¶7, attached to Defendants' Motion to Dismiss as **Exhibit G**; see also Affidavit of Raymond W. Ganim, Esq., ¶12, attached to Defendants' Motion to Dismiss as **Exhibit C**).

In addition, Sami alleges in his affidavit that "[i]n the Spring of 1973, operations of the Mary Carter Garden Center were moved to the Trumbull property to merge with Pond Spring Nurseries." (See Sami Affidavit, ¶16. However, this statement contradicts his sworn testimony that he conveyed the Mary Carter store to George in 1971 and the affidavit of another disinterested witness, James Shevlin, who represented under the pains and penalties of perjury that he purchased the Mary Carter Paint & Garden Center in 1973 from Sylvia's brother, Andrew Zartolas, Sr. (See Affidavit of James Shevlin, ¶2, attached to Defendants' Motion to Dismiss as **Exhibit F**). After the purchase of the business in 1973, Mr. Shevlin filed a Trade Name Certificate for the "Mary Carter Paint and Garden Center" with the Town of Stratford. (See certified copy of the Trade Name Certificate dated November 13, 1973 attached hereto as

**Exhibit 3**).  As Mr. Shevlin purchased the business in 1973, it would not have been possible for the Mary Carter Paint & Garden Center to have merged with the Pond Spring Nurseries business in 1973 as Sami alleges.  Furthermore, Sami has not provided any evidence which reflects any agreement between George and Sami that the businesses were to be merged, nor has he provided any evidence that there was any intent that the businesses were to be merged.

Moreover, Sami has not provided one bit of evidence which substantiates his allegations that he contributed money to the Pond Spring Nurseries business; that he contributed one dollar to the purchase of the Elm Street and Trumbull properties; or that he has any type of ownership interest in either of the properties.  For the purpose of jurisdictional issues, Sami is simply hoping that by making unsubstantiated and vague allegations, that he will somehow meet his burden of proving personal jurisdiction over the Defendants.  However, this Court is not permitted to consider such undocumented and unsupported allegations.  See Workgroup Technology Corporation v. MGM Grand Hotel, LLC, 246 F. Supp. 2d 102, 108 (D. Mass. 2003) (The court is not required to "credit conclusory allegations or draw far-fetched inferences").

Furthermore, Mary Cooper's affidavit is incredible as well.  Her affidavit is riddled with vague statements and unsupported allegations.  She begins each statement with the phrase "over the course of many years" or "from time to time", but fails to make specific reference to any concrete dates.  She is unable to state with any type of particularity or clarity when alleged conversations or meetings took place.  As such, Ms. Cooper's affidavit is vague, inconclusive, incredible and does not provide any substantive evidence which supports Sami's allegations.

It is clear based on the above that Sami has not made a prima facie showing of personal jurisdiction and has not met his burden of presenting affirmative proof to this Court which confers personal jurisdiction over the Defendants.  Instead, Sami is asking this Court to credit

conclusory allegations and make far-fetched inferences which the Court is specifically prohibited from doing.  Workgroup Technology Corporation v. MGM Grand Hotel, LLC, 246 F. Supp. 2d 102, 108 (D. Mass. 2003).  As such, the Defendants' motion to dismiss should be granted.

However, in the event that this Court has any doubt regarding the factual assertions advanced by the parties, and in light of all the inconsistencies between Sami's affidavit and his previous sworn testimony and in light of Mary Cooper's patently incredible affidavit, the Defendants request that this Court follow the preponderance of the evidence method in deciding whether Sami has met his burden of proving personal jurisdiction, and hold an evidentiary hearing on the issue of personal jurisdiction.

### C.    Plaintiff Has Not Met His Burden of Proving Jurisdiction Under the Massachusetts Long-Arm Statute

Sami claims in his Opposition that "there is no question that the instant case triggers jurisdiction under the long-arm statute."  (See Opposition, p. 6).  However, based on Sami's affidavit and his sworn testimony, it is clear that this Court does not have personal jurisdiction over the Defendants under the Massachusetts Long-Arm Statute.  Sami has failed to make any arguments as to why there may be personal jurisdiction over anyone but George.  He has named George, George Jr. and Sylvia (in their various capacities as Trustees), and the Baghdady Family Limited Partnership as defendants in this case.  However, throughout his Opposition, Sami only argues that personal jurisdiction should be conferred on George.  He does not even attempt to make any arguments that this court has personal jurisdiction over George Jr., as Trustee of the Sylvia M. Baghdady and George J. Baghdady Qualified Personal Residence Trusts; upon Sylvia M. Baghdady as Trustee of the George J. Baghdady Qualified Personal Residence Trust; or upon the Baghdady Family Limited Partnership.  They are all separate named defendants, therefore,

Sami is required to show that this Court has personal jurisdiction over each one of them. However, Sami has failed to make such a showing.

Furthermore, since Sami has failed to present credible evidence of sufficient jurisdictional contacts with respect to Pond Spring Nurseries, he is attempting to claim that the Mary Carter Paint Store & Garden Center business merged with the Pond Spring Nurseries business. (See Sami Affidavit, ¶16). This argument has been advanced for his own self-serving reasons in an attempt to create evidence which may show that this Court has personal jurisdiction over George in Massachusetts. However, as indicated above, Sami admitted numerous times in sworn testimony that he turned the Mary Carter store over to George in 1971. Furthermore, in his affidavit, James Shevlin admitted that he purchased the Mary Carter Paint Store and Garden Center in 1973. Mr. Shevlin even filed a Trade Name Certificate with the Town of Stratford for the "Mary Carter Paint and Garden Center" on November 13, 1973. Noticeably, Sami does not make any mention that the store was sold in 1973 in his affidavit. Lastly, Sami has not provided any evidence that reflects any agreement among George and Sami that the businesses were to be merged.

For all the reasons provided in Defendants' motion to dismiss and contained herein, it is clear that Sami has not met his burden of proving that any of the Defendants, including George Jr., Sylvia and The Baghdady Family Limited Partnership, has transacted any business in Massachusetts sufficient to subject them to the jurisdiction under the Massachusetts Long Arm Statute.

### D.    Plaintiff Has Not Met His Burden of Proving Personal Jurisdiction Under the Due Process Clause.

Sami claims in his Opposition that "there is little question that Defendants had minimum contacts with Massachusetts." (See Opposition, p. 8). However, again, as stated above, Sami

11

has failed to set forth any evidence to substantiate his claims that George Jr. has had contacts with Massachusetts in his capacity as Trustee of George and Sylvia's Qualified Personal Residence Trusts. Furthermore, he has not set forth any evidence to substantiate his claims that Sylvia has had contacts with Massachusetts in her capacity as Trustee of George's Qualified Personal Resident Trust. Each Trust owns a ½ interest in the Elm Street property which is located in Connecticut. (See George Affidavit, ¶9, attached to Defendants' Motion to Dismiss as **Exhibit A**). The Elm Street property is the personal residence of George and Sylvia. (See George Affidavit, ¶2, attached to Defendants' Motion to Dismiss as **Exhibit A**). Neither Trust has any contacts with Massachusetts. (See George Affidavit, ¶¶21, 22, attached to Defendants' Motion to Dismiss as **Exhibit A**). As such, it is clear that the Defendants, George Jr. and Sylvia, in their capacities of Trustees of George and Sylvia Trusts do not have any contacts with Massachusetts. Therefore, Sami's claims against George Jr. and Sylvia should be dismissed.

Furthermore, Sami has failed to set forth any evidence to substantiate his claims that the Baghdady Family Limited Partnership has any contacts with Massachusetts. The Baghdady Family Limited Partnership owns the legal title to the Trumbull property. (See George Affidavit, ¶11, attached to Defendants' Motion to Dismiss as **Exhibit A**). The Limited Partnership does not own any real estate or conduct any business in Massachusetts. (See George Affidavit, ¶¶25, 26, 27, 28, attached to Defendants' Motion to Dismiss as **Exhibit A**). Therefore, Sami's claims against the Baghdady Family Limited Partnership should be dismissed.

Lastly, as indicated above, Sami is attempting to argue that this Court has jurisdiction over George by making vague and unsubstantiated allegations that he and George "entered into a partnership regarding the garden center business." (See Opposition, p. 8). However, as indicated above, Sami admitted under oath during a deposition and at trial that he transferred his

interest in the Mary Carter store to George in 1971.  In his affidavit, James Shevlin, admitted that

he purchased the Mary Carter Paint Store & Garden Center business in 1973.  Mr. Shevlin filed a

Trade Name Certificate with the Town of Stratford on November 13, 1973 for the Mary Carter

Paint and Garden Center business.  Therefore, contrary to Sami's assertions, it would not have

been possible for the Mary Carter Paint Store & Garden Center business to have merged with the

Pond Spring Nurseries business.

Sami has not provided any credible evidence to substantiate his groundless allegations

that he was a partner in Pond Spring Nurseries.  The only documentary evidence that he attached

to his Opposition concerns the Mary Carter business and not the Pond Spring Nurseries business.

In addition, Sami has proffered documents concerning the property on which the Mary Carter

business sat, 2224 Barnum Avenue, and is attempting to argue that those documents somehow

provide evidence of George's alleged contacts with Massachusetts.  However, Sami admitted

that he transferred his interest in the Mary Carter store to George in 1971.  Furthermore, both

George and Sami admitted that they continued to jointly own the property, 2224 Barnum

Avenue, on which the Mary Carter business previously sat, until Sami sold his share in the

property to George in 1978.  (See George Affidavit, ¶31, attached to Defendants' Motion to

Dismiss as **Exhibit A**; see also Sami Deposition, **Exhibit 1**,  pp. 36-37).  Between the sale of the

Mary Carter store in 1973 and Sami's sale of his share of the Barnum Avenue property in 1978,

Sami and George rented out the Barnum Avenue property.  The documents proffered by Sami

concern rental monies brought in from the Barnum Avenue property.  There is absolutely

nothing contained within Sami's documentary evidence that lends any credence to his allegations

that George transacts business in Massachusetts that would subject him to personal jurisdiction

here.  Furthermore, Sami has not provided any credible evidence that shows that there was any type of business relationship that existed between he and George any time after 1978.

It is clear that Sami is attempting to haul George into court in Massachusetts by making self-serving allegations that the Mary Carter business that they previously owned and operated together until 1971, somehow merged into the Pond Spring Nurseries business, which Sami is currently claiming an ownership interest in.  This alleged merger is what Sami is relying on to confer personal jurisdiction over George.  However, it is clear that, based on Sami's own sworn deposition and trial testimony, the Mary Carter store never merged with the Pond Spring Nurseries business since he transferred the business to George in 1971 and the business was later sold in 1973.  Furthermore, Sami has failed to present any evidence other than conclusory allegations that he has any interest in Pond Spring Nurseries, the Trumbull property, or the Elm Street property.  Therefore, it is clear that Sami has not met his burden of proving that any of the Defendants have any contacts with Massachusetts which would subject them to personal jurisdiction here.  Therefore, the Defendants motion to dismiss should be granted.

## II.    Plaintiff Has Not Offered Any Basis To Support His Claim That Venue Should Remain In Massachusetts.

Contrary to plaintiff's assertions, the Defendants have shown good cause as to why this case should be transferred to Connecticut in the event that this Court denies the Defendants' motion to dismiss.  The plaintiff contends that the plaintiff and one other "key" witness are located in Massachusetts and these facts support his basis as to why the case should remain in Massachusetts.  However, each of the named Defendants, George Baghdady, Sylvia Baghdady and George Baghdady Jr. all reside in Connecticut.  Marshal Gibson and James Shevlin, who have submitted affidavits on behalf of the Defendants, reside in Connecticut.  Donald Wiener, who has also submitted an affidavit on behalf of the Defendants, has his principal place of

business in Connecticut. The business that the plaintiff is claiming an interest in, Pond Spring

Nurseries, is operated in Connecticut.  The properties that the plaintiff is claiming an interest in,

the Elm Street property and the Trumbull property, are both located in Connecticut.  All of the

public documents related to the Pond Spring Nurseries business and the Elm Street and Trumbull

properties are on file with the appropriate authorities in Connecticut.  Based on the above, it

would be clearly be in the interest of justice and more convenient for the majority of the

witnesses that this case be transferred to the United States District Court for the District of

Connecticut in the event this Court denies the Defendants' motion to dismiss.

<u>CONCLUSION</u>

For each of the reasons set forth above and in the Defendants' moving brief, the

Defendants respectfully request that the Court dismiss the Plaintiff's Complaint based upon the

pleadings to date, and that the Court hold a full evidentiary hearing on the issue of jurisdiction if

it does not dismiss the Complaint based upon the pleadings.  Moreover, Defendants respectfully

request that if the Complaint is not dismissed in its entirety, that this matter be transferred to the

U.S. District Court for the District of Connecticut.

**DEFENDANTS,**
By their attorneys,


/s/ John W. Steinmetz
James A. Wade, *Pro Hac Vice*
John W. Steinmetz (BBO# 568108)
Caryn L. Daum (BBO# 647001)
ROBINSON & COLE, LLP
One Boston Place
Boston, MA 02108
(617) 557-5900


Dated:  November 15, 2004

## CERTIFICATE OF SERVICE

I, Caryn L. Daum, hereby certify that a true and accurate copy of the foregoing document

was served by first-class mail, postage prepaid, on this 15th day of November, 2004, upon:

> Michael P. Angelini, Esq.
> Kimberly A. Stone, Esq.
> Bowditch & Dewey, LLP
> 311 Main Street
> Worcester, MA 01615

/s/ Caryn L. Daum
Caryn L. Daum