UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11683 NG

| | | |
|---|---|---|
| SAMI J. BAGHDADY, | ) | Michael P. Angelini |
|     Plaintiff, | ) | BBO#019340 |
| | ) | |
| v. | ) | |
| | ) | |
| GEORGE J. BAGHDADY, | ) | |
| GEORGE J. BAGHDADY and GEORGE J. | ) | |
| BAGHDADY, JR., as Trustees of the Sylvia M. | ) | |
| Baghdady Qualified Personal Residence Trust, | ) | |
| SYLVIA M. BAGHDADY and GEORGE J. | ) | |
| BAGHDADY, JR., as Trustees of the George J. | ) | |
| Baghdady Qualified Personal Residence Trust, | ) | |
| And THE BAGHDADY FAMILY LIMITED | ) | |
| PARTNERSHIP, | ) | |
|     Defendants. | ) | |

## MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR TO TRANSFER VENUE

Plaintiff, Sami J. Baghdady, ("Sami Baghdady") hereby respectfully requests leave of court to file a short Surreply in response to Defendants' Reply Memorandum. As grounds for this request, Sami Baghdady states that there are material misrepresentations of sworn testimony set forth in Defendants' Reply Memorandum which are prejudicial to Sami Baghdady and misleading to this Court. Sami Baghdady wishes to file a short Surreply in the form attached hereto as Exhibit A, in order to provide this Court with a context in which to place the portions of deposition testimony cited by Defendants, and to highlight the distinction between the Mary Carter Paint Store, which was transferred to George Baghdady in 1971, and the Mary Carter Garden Center business which was not transferred to George Baghdady. It is this garden center business which is at the core of the present partnership dispute.

Sami Baghdady states that no party should be prejudiced by the allowance of this Motion, given that Defendants' Reply Memorandum was filed merely one week ago today, no Scheduling Conference has yet been placed upon the calendar, and no hearing on Defendants' Motion to Dismiss or to Transfer Venue has yet been scheduled by this Court. Accordingly, Sami Baghdady's requested Surreply should not alter or delay the scheduling of this matter in any manner.

**WHEREFORE**, Plaintiff, Sami J. Baghdady respectfully requests leave of Court to file a short Surreply in Response to Defendants' Reply Memorandum.

SAMI J. BAGHDADY,
By his attorneys,

_____
Michael P. Angelini (BBO#019340)
Kimberly A. Stone (BBO#630952)
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156
Tel: (508) 926-3435
Fax: (508) 929-3033

Dated: November 22, 2004

## CERTIFICATE OF SERVICE

    I, Kimberly A. Stone, hereby certify that I have served a copy of the foregoing by mailing same postage prepaid this 22nd day of November, 2004 to the following:

    James A. Wade, Esquire
    John W. Steinmetz, Esquire
    Caryn L. Daum, Esquire
    Robinson & Cole, LLP
    One Boston Place
    Boston, MA 02108

                                                            _____
                                                             Kimberly A. Stone

# EXHIBIT A

{}

Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11683 NG

| | | |
|---|---|---|
| SAMI J. BAGHDADY,<br>　　　Plaintiff, | )<br>)<br>) | Michael P. Angelini<br>BBO#019340 |
| v. | )<br>) | |
| GEORGE J. BAGHDADY,<br>GEORGE J. BAGHDADY and GEORGE J.<br>BAGHDADY, JR., as Trustees of the Sylvia M.<br>Baghdady Qualified Personal Residence Trust,<br>SYLVIA M. BAGHDADY and GEORGE J.<br>BAGHDADY, JR., as Trustees of the George J.<br>Baghdady Qualified Personal Residence Trust,<br>And THE BAGHDADY FAMILY LIMITED<br>PARTNERSHIP,<br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

**PLAINTIFF'S SURREPLY TO DEFENDANTS'
MOTION TO DISMISS OR TO TRANSFER VENUE**

**INTRODUCTION**

For the sake of brevity, Plaintiff Sami J. Baghdady ("Sami Baghdady") hereby responds to only the most flagrant of the myriad factual inaccuracies, misrepresentations and omissions found within Defendants' Reply Memorandum. While Sami Baghdady disagrees with Defendants' misstatements of legal principles, including their strained arguments pertaining to the burden of proof necessary to establish personal jurisdiction under the Massachusetts Long-Arm Statute, he rests upon the legal analysis contained in his previously filed Opposition to Defendants' Motion to Dismiss or to Transfer Venue.

Not only are Defendants inappropriately directing this Court to issues far afield from the Complaint in this matter and asking this Court to conduct fact-finding and to determine

credibility on core issues in dispute on a Motion to Dismiss on the basis of jurisdiction, but Defendants have filled their latest submission with unsubstantiated "facts" and mischaracterizations of partial testimony from a previous unrelated litigation between the parties. These snippets of testimony have been taken wholly out of context, and Defendants have omitted other testimony and facts which would establish that their Reply Memorandum is disingenuous. Sami Baghdady seeks to provide a context for this Court's review of Defendants' Reply Memorandum.

## ARGUMENT

By this action, Sami Baghdady seeks to recover damages based upon a partnership with his brother, George Baghdady, in a garden center business in Connecticut. By his Complaint, Sami Baghdady alleges that he is an equal partner in the garden center business. Both in his Complaint and in his Opposition to Defendants' Motion to Dismiss, Sami Baghdady maintains that operations of the Mary Carter garden center moved to the Trumball property to merge with Pond Spring Nurseries.

This is completely consistent with Sami Baghdady's previous testimony within an unrelated lawsuit with his brother, which Defendants unearth for this Court in an attempt to get this action dismissed. In the lawsuit referred to by Defendants, captioned George J. Baghdady v. Sami J. Baghdady, Civil Action No. 3-97-CV-1188(AVC), George Baghdady sued Sami Baghdady seeking to obtain ownership of a property in Lebanon. Sami Baghdady prevailed in that litigation, establishing his ownership of that property on the following three bases: (1) the transfer of the paint portion of the Mary Carter Paint and Garden Center business in Connecticut to George Baghdady; (2) the transfer of other, unrelated real property in Connecticut to his brother, George Baghdady; and (3) a payment of $25,000 in cash to George Baghdady.

In their Reply Memorandum, Defendants take small portions of Sami Baghdady's deposition testimony wholly out of context to imply that he testified under oath that he transferred the Mary Carter <u>Garden Center</u> business to his brother in 1971. (<u>See</u> Defendants' Reply Memorandum at pp. 6-8, 11, 12-14). Defendants fail to distinguish between the Mary Carter <u>Paint</u> Store and the Mary Carter <u>Garden Center</u> business.

Two businesses were run by Sami Baghdady under the Mary Carter moniker in Stratford, Connecticut as of 1971 -- a paint store (which was part of a Mary Carter paint store franchise) and a garden center business. Even a cursory review of the entire deposition transcript referred to by Defendants establishes that Sami Baghdady owned six Mary Carter Paint Store franchises in the state of Connecticut by 1971, including locations in Stratford, Danbury, Norwich, Bridgeport and New Haven. (A full copy of the deposition transcript of Sami J. Baghdady, taken within <u>George J. Baghdady v. Sami J. Baghdady</u>, Civil Action No. 3-97-CV-1188(AVC) on September 14, 1999 ("Baghdady Deposition"), is attached to the Affidavit of Kimberly A. Stone, Esquire as <u>Exhibit 1</u>). (<u>See</u> Baghdady Deposition at pp. 13-15).

In response to questioning by George Baghdady's attorney, Sami Baghdady merely testified that he transferred the <u>paint</u> portion of the Mary Carter store to George Baghdady in 1971. (<u>See</u> Defendants' Reply Memorandum at pp. 6-7; Sami Baghdady Deposition pp. 18-19, 70, 71). **<u>Sami Baghdady did not transfer the garden center portion of his business to his brother, George, nor did he ever testify under oath that he did so</u>**. In fact, George Baghdady's attorney in the previous litigation <u>expressly</u> asked Sami Baghdady about the garden center business, in a portion of the deposition not cited by Defendants, as follows:

> Q: Do you own any part of the garden business, his garden business?
>
> A: When?

> Q: Now. [As of September 14, 1999, the date of deposition].
>
> A: Yes, I do.
>
> Q: How much do you claim that you own of his garden business?
>
> A: I have not determined yet.
>
> Q: Do you claim that George owes you money?
>
> A: Yes, he does.
>
> Q: How much money do you claim George owes you?
>
> A: I still have not determined.

(See Baghdady Deposition at p. 156). In fact, a careful review of the transcript of Sami Baghdady's September, 1999 deposition would find <u>numerous</u> instances in which Sami Baghdady testified that the transfer of the Mary Carter store to George Baghdady in 1971 was for the "paint store" only. (e.g., see Baghdady Deposition at pp. 14, 15, 20, 35, 70, 71, 73, 76 and 77). That Defendants failed to draw the crucial distinction between the paint store and the garden center business for this Court is inexcusable.

<u>**Sami Baghdady Acknowleged The Distinction Between The Paint Center Business And The Garden Center Partnership In Writing In 1971**</u>

It is completely inappropriate at this juncture for Defendants to continually suggest that Sami Baghdady's Affidavits in support of jurisdiction are somehow "incredible" or "far-fetched." It is not this Court's role at this juncture to decide the merits of this controversy based upon dueling Affidavits, or, for that matter, misrepresentations of inapposite previous testimony. However, if it were deemed appropriate for the parties to be submitting substantive evidence to this Court at this time, Sami Baghdady could provide this Court with handwritten evidence from

1971, in which Sami Baghdady recognizes the distinction between the transfer of the <u>paint store</u> versus the <u>garden center business</u> and in which he directs that his retained earnings from the paint store be deposited into the garden center business as part of his capital contribution. (<u>See</u> Sami Baghdady correspondence dated July 30, 1971, attached to the Stone Affidavit as <u>Exhibit 2</u>). This letter, used as an exhibit at Sami Baghdady's 1999 deposition by George Baghdady's counsel, supports Sami Baghdady's allegations at bar, demonstrates his allegations and statements under oath as immenintly "credible", and exposes George Baghdady's current attempt to have this action dismissed as strategic posturing rather than jurisdictional argument.

**Additional Jurisdictional Facts**

Furthermore, if Defendants wish at this early juncture to seek to introduce substantive evidence on the issue of jurisdiction, this Court could be directed to testimony given by Sami Baghdady in September of 1999 which provides this Court with further detail as to George Baghdady's travels to Massachusetts in conjunction with the parties' business dealings. For instance, at page 72 of Sami Baghdady's deposition, he testifies as follows:

> Q: Did you give him the check for $5,000 when he was with you?
>
> A: To the best of my recollection, I mailed it to him.
>
> Q: And why did you mail it to him? The reason I ask you is if he needed money, Mr. Baghdady, why didn't you just give him a check then?
>
> A: Because he was in my house and my books were in my office. He normally visited me on Sundays, and I told him that I would mail him a check the following day.
>
> Q: So you think he visited you on a Sunday?
>
> A: Normally, I said. I would not say he did visit me, but normally he went weekends.

(See Baghdady Deposition, at p. 72). This 1999 testimony by Sami Baghdady further supports his current allegations, as well as the allegations of Mary Cooper, that George Baghdady often traveled to Massachusetts to conduct business with Sami Baghdady.

## CONCLUSION

For the reasons set forth above, Plaintiff requests that this Court deny Defendants Motion to Dismiss for Lack of Personal Jurisdiction or, alternatively, to Transfer Venue.

SAMI J. BAGHDADY,<br>
By his attorneys,<br>
<br>
_____<br>
Michael P. Angelini (BBO#019340)<br>
Kimberly A. Stone (BBO#630952)<br>
Bowditch & Dewey, LLP<br>
311 Main Street<br>
P.O. Box 15156<br>
Worcester, MA 01615-0156<br>
Tel: (508) 926-3435<br>
Fax: (508) 929-3033

Dated: November 22, 2004

## CERTIFICATE OF SERVICE

I, Kimberly A. Stone, hereby certify that I have served a copy of the foregoing by mailing same postage prepaid this 22nd day of November, 2004 to the following:

James A. Wade, Esquire
John W. Steinmetz, Esquire
Caryn L. Daum, Esquire
Robinson & Cole, LLP
One Boston Place
Boston, MA 02108

_____
Kimberly A. Stone

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11683 NG

| | | |
|---|---|---|
| SAMI J. BAGHDADY,<br>    Plaintiff,<br><br>v.<br><br>GEORGE J. BAGHDADY,<br>GEORGE J. BAGHDADY and GEORGE J.<br>BAGHDADY, JR., as Trustees of the Sylvia M.<br>Baghdady Qualified Personal Residence Trust,<br>SYLVIA M. BAGHDADY and GEORGE J.<br>BAGHDADY, JR., as Trustees of the George J.<br>Baghdady Qualified Personal Residence Trust,<br>And THE BAGHDADY FAMILY LIMITED<br>PARTNERSHIP,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Michael P. Angelini<br>BBO#019340 |

## **AFFIDAVIT OF KIMBERLY A. STONE, ESQ.**

I, Kimberly A. Stone, Esquire, hereby state the following to be true to the best of my knowledge, information and belief:

1. I am an attorney in good standing in the Commonwealth of Massachusetts. I am a Senior Associate with the law firm of Bowditch & Dewey, LLP, 311 Main Street, Worcester, Massachusetts. This firm represents Plaintiff Sami J. Baghdady in the above-entitled matter.

2. I am familiar with the history of the course of this litigation, including all of the pertinent pleadings and filings in this matter. I make this Affidavit based upon my own personal knowledge and based upon my review of the pertinent pleadings and filings in this matter. The following documents are true and accurate copies of documents obtained within this litigation.

3. Attached hereto as <u>Exhibit 1</u> is a true and accurate copy of the full deposition transcript of Sami J. Baghdady, taken within <u>George J. Baghdady v. Sami J. Baghdady</u>, Civil Action No. 3-97-CV-1188(AVC) on September 14, 1999.

4. Attached hereto as <u>Exhibit 2</u> is a true and accurate copy of a letter received from Sami Baghdady in the course of this firm's investigation of this matter. It is dated July 30, 1971 and was referred to in the deposition attached hereto as <u>Exhibit 1</u>.

Signed under the pains and penalties of perjury this 22nd day of November, 2004.

_____
Kimberly A. Stone