UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11683 NG

| | | |
|---|---|---|
| SAMI J. BAGHDADY, | ) | Michael P. Angelini |
| Plaintiff, | ) | BBO#019340 |
| | ) | |
| v. | ) | |
| | ) | |
| GEORGE J. BAGHDADY, | ) | |
| GEORGE J. BAGHDADY and GEORGE J. | ) | |
| BAGHDADY, JR., as Trustees of the Sylvia M. | ) | |
| Baghdady Qualified Personal Residence Trust, | ) | |
| SYLVIA M. BAGHDADY and GEORGE J. | ) | |
| BAGHDADY, JR., as Trustees of the George J. | ) | |
| Baghdady Qualified Personal Residence Trust, | ) | |
| And THE BAGHDADY FAMILY LIMITED | ) | |
| PARTNERSHIP, | ) | |
| Defendants. | ) | |

**MOTION FOR LEAVE TO FILE POST-HEARING SUBMISSION
IN FURTHER OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS OR TO TRANSFER VENUE**

Plaintiff, Sami J. Baghdady, ("Sami Baghdady") hereby respectfully requests leave of court to file Post-Hearing Submission in Further Opposition to Defendant's Motion to Dismiss or to Transfer Venue, <u>Exhibit 1</u> hereto. As grounds for this request, Sami Baghdady states that, subsequent to oral argument on Defendants' motion, he became aware of a Memorandum and Order issued by the United States District Court, District of Massachusetts (Saylor, J.) which discusses the issue of transfer of venue, and wishes to provide the Memorandum and Order for this Court's convenience. In addition, Sami Baghdady wishes to respond briefly to points raised at oral argument with respect to jurisdiction over the Trust and Limited Partnership Defendants in this matter.

No party will be prejudiced by the allowance of this Motion, given that the Hearing on Defendant's Motion was less than one week ago and no decision has yet been issued by this Court.

SAMI J. BAGHDADY,
By his attorneys,

_____
Michael P. Angelini (BBO#019340)
Kimberly A. Stone (BBO#630952)
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156
Tel: (508) 926-3435
Fax: (508) 929-3033

Dated: December 23, 2004

## CERTIFICATE OF SERVICE

I, Kimberly A. Stone, hereby certify that I have served a copy of the foregoing by mailing same postage prepaid this 23rd day of December, 2004 to the following:

James A. Wade, Esquire
John W. Steinmetz, Esquire
Caryn L. Daum, Esquire
Robinson & Cole, LLP
One Boston Place
Boston, MA 02108

_____
Kimberly A. Stone

# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11683 NG

| | | |
|---|---|---|
| SAMI J. BAGHDADY, | ) | Michael P. Angelini |
|     Plaintiff, | ) | BBO#019340 |
| | ) | |
| v. | ) | |
| | ) | |
| GEORGE J. BAGHDADY, | ) | |
| GEORGE J. BAGHDADY and GEORGE J. | ) | |
| BAGHDADY, JR., as Trustees of the Sylvia M. | ) | |
| Baghdady Qualified Personal Residence Trust, | ) | |
| SYLVIA M. BAGHDADY and GEORGE J. | ) | |
| BAGHDADY, JR., as Trustees of the George J. | ) | |
| Baghdady Qualified Personal Residence Trust, | ) | |
| And THE BAGHDADY FAMILY LIMITED | ) | |
| PARTNERSHIP, | ) | |
|     Defendants. | ) | |

**PLAINTIFF'S POST-HEARING SUBMISSION IN FURTHER
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR TO TRANSFER VENUE**

**INTRODUCTION**

The Plaintiff Sami J. Baghdady ("Sami Baghdady") hereby provides the Court with supplemental information subsequent to the hearing on Defendants' Motion to Dismiss or to Transfer Venue concerning two points raised at oral argument, as follows: (1) a recent Memorandum and Order on the issue of the transfer of civil cases by the United States District Court, District of Massachusetts (Saylor, J.); and (2) more specifics on the issue of jurisdiction over Defendants other than George Baghdady.

# ARGUMENT

### A. There Is No Basis To Transfer This Case To Connecticut.

A copy of the Memorandum and Order entered in Surveys & Analysis, Inc. v. Scott Hultine, U.S.D.C. District of Massachusetts, C.A. No. 04-40195-FDS is attached hereto as Exhibit A.

In this Memorandum and Order, Judge Saylor provides a well-reasoned analysis of the considerations necessary for a transfer to another District pursuant to 28 U.S.C. § 1404(a). Judge Saylor properly notes that "where one side or the other will be inconvenienced no matter where the case is tried, the tie-breaking factor is the great weight that this court must give to the Plaintiff's choice of forum", citing Farview Machine & Tool Co., Inc. v. Oakbrook Int'l, Inc., 56 F.Supp.2d 134, 141 (D. Mass 1999). (See, Memorandum and Order, at p. 7.) Further, Judge Saylor notes that, if transfer would merely *shift* inconvenience from one party to the other, rather than *promote* convenience or the interests of justice, transfer is not warranted. Id.

The transfer of venue which Defendants seek in this matter would merely shift convenience from Sami Baghdady to the Defendants. This does not warrant the exercise of this Court's discretion to order a transfer. Rather, where, as here, there are material witnesses and documents in both forums, the Plaintiff's election to litigate in Massachusetts should be afforded the benefit of its strong presumption in favor of that forum. See, Memorandum and Order at pp. 3-4. See also, Coady v. Ashcraft, 223 F.3d 1, 11 (1st Cir. 2000).

### B. Jurisdiction Is Established Over All Defendants As They Are The Owners Of Partnership Assets.

This Court has jurisdiction over the Trust Defendants and the Baghdady Family Limited Partnership since they currently own the properties in dispute in this action, and those properties

are alleged to be assets of the partnership between Sami Baghdady and George Baghdady. This Court has jurisdiction over the partnership (and thus all partnership assets) since it has jurisdiction over George Baghdady, a partner. This is pursuant to well-settled principles of law in the First Circuit. See, Daynard v. Ness, 290 F.3d 42, 54 (1st Cir. 2002) and Donatelli v. National Hockey League, 893 F.2d 459, 466 (1st Cir. 1990).

The First Circuit has long recognized that in the partnership context, "the activities of the partner are generally attributed to the partnership and jurisdiction over the partnership follows from the partner's contacts, if sufficient, regardless of the absence of independent contacts between the partnership *qua* entity and the forum." See, Daynard, 290 F.3d at 54, citing Donatelli, 893 F.2d at 466. "The actions of a partner within the scope of a general partnership's purposes necessarily become the actions of the partnership. To attribute the partner's scope-of-business contacts to the partnership, therefore, is not only permissible, but mandated. For this reason, any forum able to exercise personal jurisdiction over the partner by reason of those activities must also be able to exercise jurisdiction over the partnership." See, Donatelli, 893 F.2d at 467.

Sami Baghdady has established that George Baghdady has sufficient contacts with Massachusetts to allow this Court to exercise jurisdiction over him. Given his status as one of the partners in the garden center business, this Court then has jurisdiction over the garden center partnership and, thus, over all partnership assets. That George Baghdady transferred the two properties at issue from the partnership to private family trusts, with himself and other immediate family members as trustees, does not vitiate the fact that they remain partnership assets. This Court will be asked to hold that the properties remain partnership assets and that the Trust and Limited Partnership have held the properties in constructive trust for the partnership.

SAMI J. BAGHDADY,

By his attorneys,

_____
Michael P. Angelini (BBO#019340)
Kimberly A. Stone (BBO#630952)
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156
Tel: (508) 926-3435
Fax: (508) 929-3033

Dated: December 23, 2004

## CERTIFICATE OF SERVICE

I, Kimberly A. Stone, hereby certify that I have served a copy of the foregoing by mailing same postage prepaid this 23rd day of December, 2004 to the following:

James A. Wade, Esquire
John W. Steinmetz, Esquire
Caryn L. Daum, Esquire
Robinson & Cole, LLP
One Boston Place
Boston, MA 02108

_____
Kimberly A. Stone

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SURVEYS & ANALYSIS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SCOTT HULTINE, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. <br> 04-40195-FDS |

## MEMORANDUM AND ORDER

SAYLOR, J.

Plaintiff Surveys & Analysis, Inc. ("Surveys"), a Massachusetts corporation, commenced this action in the Superior Court in Worcester, Massachusetts, on September 2, 2004. Plaintiff's claims arise out of the alleged breach of a non-competition contract signed in 1999 by defendant Scott Hultine while he was employed by Surveys.

Hultine, an Illinois resident, removed the lawsuit from the Superior Court to this Court on September 27, 2004, on the basis diversity of citizenship. The same day, Hultine filed a complaint against Surveys in the United States District Court for the Northern District of Illinois, alleging that the company failed to compensate him for overtime hours and holiday and vacation time under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and Illinois law. Pending before the Court is Hultine's motion to transfer this case to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a).

## Factual Background

Surveys is a Massachusetts company that provides leak detection services to the natural gas industry. The company is headquartered in Shrewsbury, Massachusetts, and markets its services primarily to customers located in the northeastern and midwestern United States. Surveys employs approximately 45 people, some of whom reside outside of Massachusetts and work on out-of-state contracts. The company currently has one full-time and one part-time employee in Illinois.

Surveys hired Scott Hultine on March 10, 1997. Throughout his employment with Surveys, Hultine lived in Geneva, Illinois, and worked exclusively on a contract between Surveys and Nicor Gas ("Nicor"), a natural gas supplier in Illinois.

On April 16, 1999, Hultine and Surveys entered into an Employment, Nondisclosure, and Non-Competition Agreement (the "Agreement"). Among other things, the Agreement prohibited Hultine, for a period of three years following the termination of his employment with Surveys, from (1) taking a job with a business enterprise that competes with Surveys; (2) working on a project that he worked on, or had access to confidential information about, while employed by Surveys; and (3) disclosing the confidential information of Surveys. Complaint, Exhibit 1. The Agreement also stated that it should be "interpreted according to the laws of the Commonwealth of Massachusetts without application of that states [sic] choice of law rules" and that "the proper jurisdiction and venue for [an] action [arising under the Agreement] shall be the Commonwealth of Massachusetts." *Id.*

According to Surveys, on about April 9, 2002, while still employed by Surveys, Hultine incorporated A.G.D., Inc. ("AGD") in Illinois. AGD services utility companies in the Midwest

2

and Hultine is currently the company's Vice President.

On July 9, 2002, Surveys terminated Hultine's employment. Following his separation from Surveys, Hultine and AGD began providing leak detection services to Nicor. Surveys contends that Hultine's business contacts with Nicor, both in an individual capacity and as an officer of AGD, violate the terms of his Agreement with Surveys.

On September 2, 2004, Surveys filed the present action against Hultine in the Worcester Superior Court for breach of the Agreement.[1] On September 27, 2004, Hultine removed the action to this Court and filed a separate claim against Surveys in the Northern District of Illinois under the FLSA and Illinois law. On October 4, Hultine filed the pending motion to transfer this case to the Northern District of Illinois under 28 U.S.C. § 1404(a).

## Analysis

Transfer of civil cases to another district is governed by 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to another district or division where it might have been brought." 28 U.S.C. § 1404(a).[2] Section 1404(a) places discretion in the District Court to adjudicate motions to transfer according to an "individualized case-by-case consideration of convenience and fairness." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

---

[1] Surveys also states claims against Hultine for breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, tortious interference with contractual relationships, and misappropriation of trade secrets.

[2] There appears to be no dispute between the parties that this action "might have been brought" in the Northern District of Illinois. Rather, the dispute turns on whether the Court should exercise its discretion to transfer the matter to that District.

In performing the context-specific analysis prescribed by § 1404(a), the Court must account for the convenience of witnesses, the location of documents and other evidence, the possibility that transfer will facilitate the consolidation of pending actions, and the interests of justice. *Id.* at 30; *Coady v. Ashcraft*, 223 F.3d 1, 11 (1st Cir. 2000). The Court must weigh these factors against the backdrop of the principle that there is a strong presumption in favor of the plaintiff's choice of forum. *See, e.g., Coady*, 223 F.3d at 11. Additionally, the Court must bear in mind that the burden of proof under § 1404(a) lies with the party seeking transfer. *See Princess House, Inc. v. Lindsey*, 136 F.R.D. 16, 18 (D. Mass. 1991).

The § 1404(a) analysis also "encompasses consideration of the parties' private expression of their venue preferences." *Stewart*, 487 U.S. at 29-30. Indeed, the Supreme Court has observed that "the presence of a forum-selection clause," such as the one included in the Agreement between Hultine and Surveys, "will be a significant factor that figures centrally in the district court's calculus." *Id.* at 29. Courts are especially likely to honor the parties' contractually-chosen venue when the forum selection clause is phrased in exclusive, rather than permissive, terms. *Compare Home Products Int'l v. PeopleSoft USA, Inc.*, 201 F.R.D. 42, 46 (D. Mass. 2001) (court transferred case in part because forum selection clause stated that "venue shall lie in San Francisco, California," and this language was deemed "unambiguous and exclusive") *and Gonzalez v. Avatar Realty, Inc.*, 177 F. Supp. 2d 101, 104 (D.P.R. 2002) (transferring case on grounds that forum selection clause stating that "any action should shall be maintained in Miami, Florida" was mandatory) *with Autoridad de Energia Electrica v. Ericsson, Inc.*, 201 F.3d 15, 18 (1st Cir. 2000) (contractual language providing that "the parties agree to submit to the jurisdiction of the courts of . . . Puerto Rico" amounted to a consent to personal jurisdiction in the

4

courts of Puerto Rico and not a "negative exclusion of jurisdiction in other courts"). Nonetheless, given the broad discretion afforded to District Courts under § 1404(a), it is at least "conceivable" that other factors will outweigh the parties contractual designation of an exclusive forum. *Stewart*, 487 U.S. at 30-31; *see Red Bull Associates v. Best Western Int'l*, 862 F.2d 963, 966-967 (2d Cir. 1998).

A forum selection clause must be enforceable before it may be considered as part of the District Court's § 1404(a) calculus. Such clauses are valid and enforceable unless they are the product of "fraud or overreaching" or their enforcement would otherwise be "unjust or unreasonable." *Silva v. Encyclopedia Britannica, Inc.*, 239 F.3d 385, 389 (1st Cir. 2001). Courts have deemed enforcement "unjust or unreasonable" where the forum selection clause contravenes a strong public policy of the forum state, or where trial in the contractual forum will effectively deprive a party of its day in court. *Gonzalez*, 177 F. Supp. at 103-104.

Here, Hultine does not explicitly argue that the Agreement's forum selection clause is unenforceable. Nonetheless, he urges the Court to discount the clause for the purposes of his motion to transfer because of "Surveys' [sic] overreaching and the dubious circumstances in which Surveys imposed the Agreement" on him. Reply Memorandum, p. 6. More specifically, he asserts that "he did not have an opportunity to negotiate the terms of the Agreement and, in fact, he signed it the very day it was presented to him." *Id.*

Even if this assertion is true, it does not render the forum selection clause invalid or unenforceable. "It is not the law that one must bargain for each and every term of a contract." *Silva*, 239 F.3d at 389. The forum selection clause is not tainted by "fraud or overreaching" and is not "unjust or unreasonable" simply because it is a boilerplate provision that was never the

5

subject of negotiation. *Id.* Nor can the Court infer fraud or overreaching simply from the fact that Hultine signed the Agreement on the day that it was presented to him; there is no evidence before the Court that Hultine did not have an adequate opportunity to review and consider the Agreement before signing it. In addition, although enforcement of the forum selection clause may cause Hultine inconvenience, there is no indication that he will be denied his day in court if litigation proceeds in Massachusetts, or that the contractual venue provision contravenes the public policy of Massachusetts. *See Maxon Engineering Services, Inc. v. United Sciences*, Inc., 34 F. Supp. 2d 97, 100 (forum selection clause was not unreasonable simply because forum was inconvenient for one party).

The forum selection clause is thus enforceable. Moreover, that clause is phrased in exclusive language; the clause states that *"the* proper . . . venue for this action *shall* be the Commonwealth of Massachusetts." Complaint, Exhibit 1 (emphasis added). This language plainly indicates that Massachusetts was intended to be the exclusive forum, rather than one of many permissible venues. *See Gonzalez*, 177 F. Supp. 2d at 104; *Home Products*, 201 F.R.D. at 46; *compare Autoridad*, 201 F.3d at 18. Accordingly, the Court will treat the forum selection clause as a "significant factor" in its § 1404(a) analysis. *See Stewart*, 487 U.S. at 29.[3]

Of the remaining § 1404(a) factors, "convenience of the expected witnesses is 'probably the most important factor, and the most frequently mentioned.'" *Home Products, 201 F.R.D.* at

---

[3] In this case, the plaintiff's choice of forum aligns with the parties' contractual designation of Massachusetts in the forum selection clause. *Compare Jumara v. State Farm Ins.*, 55 F.3d 873, 880 (3d Cir. 1995) (deference to the plaintiff's choice of forum was inappropriate where the plaintiff had already freely chosen a contractual venue); *Home Products*, 201 F.R.D. at 50 (transferring to the venue designated in the forum selection clause even though the plaintiff chose a different venue). It also bears noting that the Agreement mandates the application of Massachusetts law to this action. The United States District Court in the District of Massachusetts is more familiar with Massachusetts substantive law than the courts of Illinois, which weighs in favor of keeping the action in Massachusetts.

6

48 (quoting *Princess House*, 136 F.R.D. at 18). Hultine has built his motion to transfer around this factor; indeed, he argues that the convenience to the material witnesses of litigating in Illinois "overwhelms" all other factors, including the terms of the Agreement and the plaintiff's choice of Massachusetts.

It is far from clear, however, that Illinois is the most convenient forum for this litigation. Hultine intends to call eight witnesses from Illinois, while Surveys intends to call seven from Massachusetts. As is often the case, therefore, the parties to this action and their material witnesses reside, predominantly, in separate venues. *See, e.g., Holmes Group, Inc. v. Hamilton Beach/Procter Silex*, 249 F. Supp. 2d 12, 17-18 (D. Mass. 2002); *Fairview Machine & Tool Co., Inc. v. Oakbrook Int'l, Inc.*, 56 F. Supp. 2d 134, 141 (D. Mass. 1999). In such circumstances, where one side or the other will be inconvenienced no matter where the case is tried, "the tie-breaking factor is the 'great weight' that this court must give to the plaintiff's choice of forum" and to the contractually-mandated venue. *Fairview*, 56 F. Supp. 2d at 141-142.[4]

Even if these "tie-breaking factors" were removed from the equation, Hultine has shown only that transfer would *shift* inconvenience from himself to Surveys, rather than *promote* convenience or the interests of justice. That is not enough to warrant transfer. *See, e.g., Kleinerman v. Luxtron Corp.*, 107 F. Supp. 2d 122, 125 (D. Mass. 2000) ("transfer is not

---

[4] The same analysis holds true with respect to other factors falling under the umbrella of "convenience," such as location of key documents and the connection between the forum and the issues involved in the litigation. Massachusetts and Illinois are both significantly connected to this lawsuit and both parties argue that key documents are located in, or can be accessed from, their preferred venue. The Court will resolve the stalemate over these considerations in favor of Massachusetts, in light of the "tie-breaking" factors listed above. *See Holmes Group*, 249 F. Supp. 2d at 17-18, 19.

appropriate where its effect is merely to shift the inconvenience from one party to the other").[5] Thus, the convenience factor does not, as Hultine puts it, "overwhelm" the impact of the forum selection clause and the plaintiff's election to litigate in Massachusetts.

Hultine also contends that this matter should be transferred to Illinois to facilitate its consolidation with the action he filed against Surveys. However, the similarity between the two pending actions appears to extend only as far as the litigants. They involve entirely different legal claims and there will presumably be little, if any, significant overlap between the evidence and witnesses in the two cases. Accordingly, assuming without deciding that the two cases could actually be consolidated, the Court concludes that the benefits of transfer in terms of judicial economy would be *de minimis* and would not, in any event, overcome the significant factors favoring venue in Massachusetts. *See Banjo Buddies, Inc. v. Renosky*, 156 F. Supp. 2d 22, 25 (D. Me. 2001) (moving party failed to show that the overlap between the two cases outweighed strong presumption in favor of plaintiff's choice of forum); *compare Davox Corp. v. Digital Systems Int'l, Inc.*, 846 F. Supp. 144, 149 (D. Mass. 1993) (granting transfer motion to allow consolidation of related patent claims, which concerned similar technologies and involved common facts, discovery, and witnesses, in order to conserve judicial resources and promote efficiency).

Even if the Court were persuaded that there is significant overlap between the two pending actions and that transfer would streamline judicial resources (which it is not), it is well-settled that, where two similar actions are proceeding concurrently in two federal courts, "the first

---

[5] Assuming *arguendo* that considerations of convenience militated slightly in favor of transfer, the Court would be well within its discretion to hold that this factor was still outweighed by the forum selection clause and the plaintiff's choice of venue. *See Home Products*, 201 F.R.D. at 49.

8

filed action is generally preferred in the choice of venue decision." *Cianbro Corp. v. Curran Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir. 1987); *Coady*, 223 F.3d at 11.[6] Accordingly, the suit brought by Surveys in Massachusetts should be given priority in the § 1404(a) calculus because it was filed several weeks ahead of Hultine's action in Illinois.

Finally, the Court notes that it would be consonant with the interests of justice to litigate this action in Massachusetts. Justice is advanced when parties are held to their contractual arrangements and given their day in court. Trying this case in Massachusetts will accomplish both goals. As the circumstances of this case illustrate, justice often comes with a measure of inconvenience for certain parties and witnesses. After weighing all of the relevant considerations, with particular emphasis on the intentions of the parties as manifested in their private agreement, the Court determines that the party and witnesses from Illinois must shoulder the inconvenience in this instance.

In summary, the forum selection clause contained in the parties' Agreement and the plaintiff's choice of forum weigh in favor of denying transfer of this case out of Massachusetts, and any countervailing factors are relatively insubstantial. Therefore, Hultine has not met his burden under § 1404(a), and his motion to transfer this action to the Northern District of Illinois will be denied.

## Order

For the reasons stated in the foregoing memorandum, the defendant's motion to transfer

---

[6] The principle is not without exception. The rule will be waived if convenience favors the second action or if some special circumstance is present. *See Kleinerman*, 107 F. Supp. 2d at 124 (special circumstance was present where the first action was filed as the result of a race to the courthouse). In this case, convenience is a neutral factor, and the Court is aware of no special circumstance that would warrant an exception to the rule that the first action filed ordinarily receives priority.

this case to the United States District Court for the Northern District of Illinois under 28 U.S.C. § 1404(a) is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: December 8, 2004.