UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMI J. BAGHDADY,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>GEORGE J. BAGHDADY;<br>GEORGE J. BAGHDADY and GEORGE J.<br>BAGHDADY, JR., as Trustees of the Sylvia M.<br>Baghdady Qualified Personal Residence Trust;<br>SYLVIA M. BAGHDADY and GEORGE J.<br>BAGHDADY, JR., as Trustees of the George J.<br>Baghdady Qualified Personal Residence Trust;<br>and THE BAGHDADY FAMILY LIMITED<br>PARTNERSHIP,<br><br>　　　　　　Defendants. | Civil Action No. 04-11683 NG |

### DEFENDANTS' OPPOSITON TO PLAINTIFF'S MOTION FOR LEAVE TO FILE POST-HEARING SUBMISSION IN FURTHER OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR TO TRANSFER VENUE

Defendants George J. Baghdady ("George"), George J. Baghdady, Jr. ("George, Jr."), Sylvia M. Baghdady ("Sylvia") and The Baghdady Family Limited Partnership hereby oppose Plaintiff's motion for leave to file yet another brief on the grounds that: (i) plaintiff's motion is procedurally defective as it fails to comply with Local Rule 7.2; (ii) plaintiff had a full opportunity to present its arguments in its prior two briefs and at the hearing in this matter, and has set forth no proper basis for its untimely, post-hearing submission; and (iii) plaintiff's new arguments misstate the applicable law and facts. In support of this motion, Defendants state as follows:

BOST1-846251-1

1.	Local Rule 7.2 requires that counsel filing any motion certify that they have conferred with opposing counsel about the motion before it is filed. Plaintiff's counsel did not confer with Defendants' counsel before filing the motion for leave, and have thus been unable to certify compliance with Local Rule 7.2. Plaintiff's motion for leave is therefore procedurally defective, and not properly before the Court.

2.	Plaintiff's motion for leave also seeks to yet again address two issues that have been known to Plaintiff since Defendants filed their moving brief on September 27, 2004, *two and a half months before the hearing in this matter*. The first issue, i.e., whether there is jurisdiction over George, Jr., Sylvia and the Baghdady Family Limited Partnership, is expressly addressed at pages 3 – 5 and 11 – 12 of Defendants' moving brief, as well as pages 10 – 12 of Defendants' Reply Brief. The second issue, i.e., whether venue should be transferred to Connecticut, is expressly addressed at pages 17 - 19 of Defendants' moving brief, as well as pages 2 and 14 – 15 of Defendants' Reply Brief. Plaintiff has already filed two briefs on the issues of jurisdiction and venue, and thus had the opportunity to fully brief these issues prior to the December 17, 2004 hearing in this matter. Moreover, the Court provided Plaintiff's counsel with a full and complete opportunity to address the issues of venue and jurisdiction at the December 17, 2004 hearing.

3.	Now that the hearing is over, Plaintiff -- apparently recognizing the significant weaknesses in his positions -- is trying to have yet another opportunity to present new arguments to the Court. The Court should not allow this late filing given the full and substantial opportunity Plaintiff had to present his arguments both before and during the December 17, 2004 hearing. Plaintiff has presented no proper justification for his unwarranted delay.

4. Plaintiff's motion should also be denied as it relies upon a misstatement of the applicable law and facts. Plaintiff claims that transferring this matter to Connecticut would *merely* shift inconvenience from Defendants to Plaintiff. This is not true as: (i) litigating in Massachusetts would constitute a substantial hardship on Defendant George Baghdady who is 79 years old; (ii) all the properties at issues are in Connecticut; (iii) the Pond Spring Nurseries business at issue in the lawsuit is located in Connecticut; (iv) the subject land records are all on file in Connecticut; (v) all of the Defendants are in Connecticut; and (iv) most of the witnesses are, as explained in Defendants' prior briefs, in Connecticut. Transferring venue is proper under the applicable law previously cited by Defendants. Moreover, unlike in the "new" case relied upon by Plaintiff, none of the Defendants signed a contract agreeing to jurisdiction in Massachusetts. See Survey & Analysis, Inc. v. Hultine, No. 04-40195-FDS.

5. Plaintiff further claims that because he has alleged a partnership with George, the Court has jurisdiction over George, Jr., Sylvia and The Baghdady Family Limited Partnership. Plaintiff's claim is nonsensical. The cases cited by Plaintiff in its purported post-hearing submission regarding jurisdiction stand only for the proposition that a partner's conduct within Massachusetts can subject the partnership to jurisdiction in Massachusetts. See Daynard v. Ness, 290 F.3d 42, 54 (1st Cir. 2002); Donatelli v. National Hockey League, 893 F.2d 459 (1st Cir. 1990). Here, there is no allegation that a partnership is subject to jurisdiction in Massachusetts because of the conduct of a partner. Indeed, neither George, Jr., Sylvia nor The Baghdady Family Limited Partnership is alleged to be a partner in the partnership Plaintiff alleges he had with George. Moreover, the case law does not support Plaintiff's contention that he can obtain jurisdiction over George, Jr., Sylvia and The Baghdady Family Limited Partnership simply by alleging that they hold property in which he is claiming an interest. Id. Plaintiff has shown no

connections between Massachusetts and George, Jr., Sylvia or The Baghdady Family Limited Partnership, and thus has not met his burden of proving personal jurisdiction.

6. If the Court were to grant Plaintiffs' motion for leave, Defendants would similarly request leave to file a reply brief. Indeed, Defendants would be prejudiced absent an opportunity to respond fully to Plaintiff's post-hearing submission. Defendants request, however, that post-hearing briefing not be permitted for the reasons discussed above.

WHEREFORE, for each of the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion For Leave To File Post-Hearing Submission In Further Opposition To Defendants' Motion To Dismiss Or To Transfer Venue. Moreover, if the Court does not deny Plaintiff's motion for leave, Defendants respectfully request leave to file (within fourteen days of the Court's ruling on Plaintiff's motion for leave) a reply to Plaintiff's purported post-hearing submission.

**DEFENDANTS,**
By their attorneys,

/s/ John W. Steinmetz
James A. Wade, *Pro Hac Vice*
John W. Steinmetz (BBO# 568108)
Caryn L. Daum (BBO# 647001)
ROBINSON & COLE, LLP
One Boston Place
Boston, MA 02108
(617) 557-5900

Dated: December 29, 2004

## CERTIFICATE OF SERVICE

I, John W. Steinmetz, hereby certify that a true and accurate copy of the foregoing document was served by first-class mail, postage prepaid, on this 29th day of December, 2004, upon:

>Michael P. Angelini, Esq.
>Kimberly A. Stone, Esq.
>Bowditch & Dewey, LLP
>311 Main Street
>Worcester, MA 01615

/s/ John W. Steinmetz
John W. Steinmetz