UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11683 NG

| | |
|---|---|
| SAMI J. BAGHDADY, ) | Michael P. Angelini |
|     Plaintiff, ) | BBO# 019340 |
| ) | |
| v. ) | |
| ) | |
| GEORGE J. BAGHDADY, ) | |
| GEORGE J. BAGHDADY and GEORGE J. ) | |
| BAGHDADY, JR., as Trustees of the Sylvia M. ) | |
| Baghdady Qualified Personal Residence Trust, ) | |
| SYLVIA M. BAGHDADY and GEORGE J. ) | |
| BAGHDADY, JR., as Trustees of the George J. ) | |
| Baghdady Qualified Personal Residence Trust, ) | |
| And THE BAGHDADY FAMILY LIMITED ) | |
| PARTNERSHIP, ) | |
|     Defendants. ) | |

**PLAINTIFF'S PARTIAL OBJECTION TO
MAGISTRATE'S REPORT AND RECOMMENDATION**

Plaintiff Sami J. Baghdady ("Sami Baghdady") hereby objects to a portion of the Magistrate's "Report and Recommendation Regarding Defendants' Motion to Dismiss or to Transfer Venue if Action is not Dismissed in its Entirety" ("Report and Recommendation"), which was entered upon the docket on April 20, 2005. As grounds for this objection, Sami Baghdady states that, while he agrees with the Magistrate's Report and Recommendation with respect to her denial of Defendants' Motion to Dismiss and with her assessment that there is personal jurisdiction over Defendant George J. Baghdady ("George Baghdady"), he disagrees with and objects to those portions of the Report and Recommendation which (1) question this Court's personal jurisdiction over the Trust Defendants and (2) recommends a transfer of venue to the District of Connecticut.

## I. The Magistrate Erroneously Called Into Question This Court's Personal Jurisdiction Over The Trust Defendants.

While the Magistrate correctly denied Defendants' Motion to Dismiss this Action in its Entirety based upon an alleged lack of personal jurisdiction over all Defendants and correctly determined that this Court has personal jurisdiction over the individual Defendant, George Baghdady, the Magistrate incorrectly called into question this Court's personal jurisdiction over the Trust Defendants. (See Report and Recommendation at pp. 29 – 33). This finding is erroneous as jurisdiction is established over all Defendants since they are the owners of partnership assets.

This Court has jurisdiction over the Trust Defendants since these entities currently own the properties in dispute in this action, and those properties are alleged to be assets of the partnership between Sami Baghdady and George Baghdady. This Court has jurisdiction over the partnership (and thus all partnership assets) since it has jurisdiction over George Baghdady, a partner. This is pursuant to well-settled principles of law in the First Circuit. See, Daynard v. Ness, 290 F.3d 42, 54 (1st Cir. 2002) and Donatelli v. National Hockey League, 893 F.2d 459, 466 (1st Cir. 1990).

The First Circuit has long recognized that in the partnership context, "the activities of the partner are generally attributed to the partnership and jurisdiction over the partnership follows from the partner's contacts, if sufficient, regardless of the absence of independent contacts between the partnership *qua* entity and the forum." See, Daynard, 290 F.3d at 54, citing Donatelli, 893 F.2d at 466. "The actions of a partner within the scope of a general partnership's purposes necessarily become the actions of the partnership. To attribute the partner's scope-of-business contacts to the partnership, therefore, is not only permissible, but mandated. For this reason, any forum able to exercise personal jurisdiction over the partner by reason of those

activities must also be able to exercise jurisdiction over the partnership." See, Donatelli, 893 F.2d at 467. The partnership must also include the partnership's assets.

In recommending that there is no jurisdiction over the Trust defendants, the Magistrate relies upon inapposite case law to state that only the courts in Connecticut have jurisdiction over the properties owned by the Trusts. In Hutchins v. Commissioner of Corporations and Taxation, 172 N.E. 605 (Mass. 1930), the Massachusetts Supreme Judicial Court was faced with a trust which had been judicially created by the courts in New York and which had been taxed under the laws of New York. The Hutchins Court simply held that the trust could not be taxed again in Massachusetts and that the New York courts, having created the trust, had to enforce its terms. Hutchins, 172 N.E. at 608. While that may be true, it is not dispositive of any issue before this Court, where the trust was not judicially created by any court (let alone a Connecticut court) and we are not addressing a question of taxation. Instead, George Baghdady transferred partnership assets outside of the partnership to a family trust. The only tie with Connecticut is that the asset- in this case, land- is located in Connecticut. The land remains a partnership asset.

The pertinent issue in Beardsley v. Hall, 197 N.E. 35 (Mass. 1935) was where an accounting should be made for the rents from Connecticut real estate under a testamentary trust. The Beardsley Court recognized that the administration of a trust of land is governed by the law (and should be supervised by the courts) of the state where the land is. Beardsley, 197 N.E. 38-39. Once again, while that proposition may be true, it is not dispositive of any issue before this Court. Plaintiff is not seeking to have this Court "administer" or "supervise" the Connecticut Trusts, but instead to declare that the trust is holding partnership assets in constructive trust for the partnership.

Sami Baghdady has established that George Baghdady has sufficient contacts with Massachusetts to allow this Court to exercise jurisdiction over him. Given his status as one of the partners in the garden center business, this Court then has jurisdiction over the garden center partnership and, thus, over all partnership assets. That George Baghdady transferred the two properties at issue from the partnership to private family trusts, with himself and other immediate family members as trustees, does not vitiate the fact that they remain partnership assets. This Court will be asked to hold that the properties remain partnership assets and that the Trusts have held the properties in constructive trust for the partnership.

## II. There Is No Legal Basis To Transfer This Case To Connecticut For The Convenience Of The Defendant.

The Magistrate recommended a transfer of this case from the District of Massachusetts to the District of Connecticut based upon an erroneous application of the discretionary factors required under 28 U.S.C. § 1404(a) ("Section 1404(a)"). The Magistrate correctly recognized that when examining the entire sequence of events underlying the contract claim, venue is proper in Massachusetts under 28 U.S.C. § 1391(a)(2) given that:

> "the forum contacts include meetings in Massachusetts regarding the partnership business both to as to its finances, tax filings, other administrative actions and, more importantly its operation. The sequence of events underlying events underlying the misrepresentation claim likewise indicates that venue is proper in this district. The misrepresentations were made to plaintiff, located in Massachusetts, which is also where plaintiff experienced the loss."

(Report and Recommendation at p.34, citing Uffner v. La Reunion Francaise, S.A. 244 F.3d 38, 42 (1st Cir. 2001)).

However, the Court then misapplied the factors contemplated by an application of Section 1404(a), which provides, in pertinent part, that:

> "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any action to any other district or division where it might have been brought."

(Report and Recommendation at p.35, citing 28 U.S.C. § 1404(a)).

The Magistrate correctly notes that both the Plaintiff and one of the key witnesses in this dispute, Mary Cooper, reside in Massachusetts. (See Report and Recommendation at pp. 36 – 40). However, the Court then fails to properly weigh the presumption which must be afforded a Plaintiff's choice of forum and then misapplies the remaining discretionary factors inherent to a Section 1404(a) analysis to recommend that the factors weigh in Defendants' favor. (See Report and Recommendation at pp. 36 – 40).

First and foremost, there is a strong presumption in favor of the Massachusetts forum as it is the one chosen by this Plaintiff. Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000). While the Magistrate recognizes this within her Report and Recommendation, she fails to afford it its due weight within her analysis.

Moreover, the considerations outlined by the Magistrate at best indicate that the discretionary factors weigh equally between Massachusetts (being the forum more convenient to the Plaintiff) and Connecticut (the forum arguably more convenient to the Defendants). First, Connecticut and Massachusetts are bordering states and the distance which would have to be traveled by Defendants in order to litigate this matter in Massachusetts is minimal. Second, while the Magistrate refers to the advanced age of Defendant George Baghdady as a support for her decision, the Magistrate appears to ignore the fact that Plaintiff is of a very similar advanced age and health status. Traveling to Connecticut will be just as inconvenient for Plaintiff Sami

Baghdady as traveling to Massachusetts will be for Defendant George Baghdady. Third, Mary Cooper, a key witness for the Plaintiff in this matter, is nearly eighty (80) years old. It would be greatly inconvenient for her to have to travel to Connecticut to testify as to her knowledge pertaining to the parties' extensive contacts in Massachusetts regarding their partnership. There is no evidence that any of the other witnesses referred to by the Magistrate in her analysis are of such an advanced age or declining health that travel to Massachusetts from bordering Connecticut would be severely inconvenient for them. Fourth, the Magistrate incorrectly states that the location of documents favors a Connecticut forum. (See Report and Recommendation at pp. 39 – 40). While the Magistrate correctly notes that documents "can be transported" and that this factor in any event is "deserving [of] little weight," the Magistrate nevertheless determines that the location of some of the documents pertinent to this dispute favors a Connecticut forum, despite the fact that Plaintiff's documents are located in Massachusetts.

  A District Court Judge recently provided a well-reasoned analysis of the considerations necessary for transfer to another District pursuant to Section 1404(a). Within a Memorandum and Order entered in Surveys & Analysis, Inc. v. Scott Hultine, U.S.D.C. District of Massachusetts, C.A. No. 04-40195-FDS, Judge Saylor provided astute guidance for this issue. (A copy of the Memorandum and Order entered in Surveys & Analysis, Inc. v. Scott Hultine, U.S.D.C. District of Massachusetts, C.A. No. 04-40195-FDS is attached hereto for the Court's convenient reference as Exhibit A). Judge Saylor properly notes that "where one side or the other will be inconvenienced no matter where the case is tried, the tie-breaking factor is the great weight that this court must give to the Plaintiff's choice of forum", citing Fairview Machine & Tool Co., Inc. v. Oakbrook Int'l, Inc., 56 F.Supp.2d 134, 141 (D. Mass 1999). (See, Memorandum and Order, at p. 7.) Further, Judge Saylor notes that, if transfer would merely *shift*

inconvenience from one party to the other, rather than *promote* convenience or the interests of justice, transfer is not warranted. Id.

This is precisely the situation at bar. The transfer of venue which Defendants seek in this matter, and which the Magistrate recommends, would merely shift inconvenience from Defendants to Sami Baghdady. This does not warrant the exercise of this Court's discretion to order a transfer. Rather, where, as here, there are elderly parties, material witnesses, and documents in both forums, the Plaintiff's election to litigate in Massachusetts should be afforded the benefit of its strong presumption in favor of that forum. See, Memorandum and Order at pp. 3-4. See also, Coady v. Ashcraft, 223 F.3d 1, 11 (1st Cir. 2000).

## CONCLUSION

For the foregoing reasons, Plaintiff Sami Baghdady hereby objects to those portions of the Magistrate's Report and Recommendation which (1) call into question this Court's personal jurisdiction over the Trust Defendants and (2) recommend a transfer of this matter from the District of Massachusetts to the District of Connecticut.

                                         **SAMI J. BAGHDADY,**
                                         By his attorneys,

                                         /s/ Kimberly A. Stone
                                         Michael P. Angelini (BBO# 019340)
                                         Kimberly A. Stone (BBO# 630952)
                                         Bowditch & Dewey, LLP
                                         311 Main Street
                                         P.O. Box 15156
                                         Worcester, MA 01615-0156
                                         Tel: (508) 926-3435

Dated:   July 21, 2005

## CERTIFICATE OF SERVICE

I, Kimberly A. Stone, hereby certify that I have served a copy of the foregoing by mailing same, postage prepaid, this 21st day of July, 2005 to the following:

>James A. Wade, Esquire
>John W. Steinmetz, Esquire
>Caryn L. Daum, Esquire
>Robinson & Cole, LLP
>One Boston Place
>Boston, MA  02108
>
>
>/s/ Kimberly A. Stone
>Kimberly A. Stone