UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMI J. BAGHDADY,<br><br>        Plaintiff,<br><br>vs.<br><br>GEORGE J. BAGHDADY;<br>GEORGE J. BAGHDADY and GEORGE J. BAGHDADY, JR., as Trustees of the Sylvia M. Baghdady Qualified Personal Residence Trust;<br>SYLVIA M. BAGHDADY and GEORGE J. BAGHDADY, JR., as Trustees of the George J. Baghdady Qualified Personal Residence Trust; and THE BAGHDADY FAMILY LIMITED PARTNERSHIP,<br><br>        Defendants. | Civil Action No. 04-11683 NG |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S PARTIAL OBJECTION
TO MAGISTRATE JUDGE BOWLER'S REPORT AND RECOMMENDATION**

Defendants, George J. Baghdady; George J. Baghdady and George J. Baghdady, Jr., as Trustees of The Sylvia M. Baghdady Qualified Personal Residence Trust, Sylvia M. Baghdady and George J. Baghdady, Jr., as Trustees of The George J. Baghdady Qualified Personal Residence Trust, and The Baghdady Family Limited Partnership (collectively, the "Defendants"), hereby respond to Plaintiff Sami J. Baghdady's ("Sami" or "Plaintiff") Partial Objection to Magistrate's Report and Recommendation (the "Partial Objection"). Defendants respectfully request that the Court reject the Plaintiff's Partial Objection, and transfer this case to Connecticut as recommended by Magistrate Judge Bowler.

BOST1-863891-2

**ARGUMENT**

I.  **The Court Should Transfer this Case to Connecticut as Recommended by Magistrate Judge Bowler**

On or about April 20, 2005, Magistrate Judge Bowler issued a forty-one (41) page Report and Recommendation ("Report") in which she considered the extensive briefs filed by the parties as well as the arguments made at the hearing in this matter. After evaluating the briefs and oral argument, Magistrate Judge Bowler recommends that this case be transferred to the District of Connecticut pursuant to 28 U.S.C. §1404(a). Magistrate Judge Bowler concluded that the factors balanced ***decidedly*** in favor of a transfer to Connecticut and that "[w]ithout a doubt, this action could have been brought in Connecticut where all defendants reside and where a substantial part of the events occurred." (Report, pp. 35-37).

In his Partial Objection, Plaintiff attempts to argue that the discretionary factors weigh equally between Massachusetts and Connecticut, and that this case should therefore remain in Massachusetts. In support of his argument, Plaintiff relies on an unpublished decision in the case of Surveys & Analysis, Inc. v. Scott Hultine. The facts at issue in Surveys are, however, readily distinguishable from those at issue in this case. Surveys does not support Plaintiff's argument, and this case should be transferred to Connecticut as recommended by Magistrate Judge Bowler.

Surveys involved a written non-competition agreement between Surveys & Analysis, Inc. ("Surveys") and Scott Hultine ("Hultine") that contained ***an express Massachusetts forum selection clause***. While Hultine was still employed by the plaintiff, he incorporated a separate company, A.G.D., Inc. ("AGD") in Illinois. Thereafter, the plaintiff terminated Hultine's employment. The plaintiff contends that Hultine breached its non-competition agreement by providing services to one of Surveys' suppliers. The plaintiff filed suit against Hultine in

2

Worcester Superior Court. Hultine removed the case, and then sought transfer to the Northern District of Illinois.

Judge Saylor's decision makes clear that the Massachusetts forum selection clause in the subject non-competition agreement was a central factor in his decision as it "encompassed consideration of the parties' private expression of their venue preferences." More specifically, the subject forum selection clause stated that the non-competition agreement must be "interpreted according to the laws of the Commonwealth without application of that states [sic] choice of law rules" and that "the proper jurisdiction and venue for [an] action [arising under the Agreement] shall be the Commonwealth of Massachusetts. Surveys & Analysis, Inc. v. Scott Hultine, U.S.D.C. District of Massachusetts, C.A. No. 04-40195-FDS.

Judge Saylor noted that the "Supreme Court has observed that 'the presence of a forum-selection clause,' such as the one in the Agreement between Hultine and Surveys, 'will be a significant factor that figures centrally in the district court's calculus.'" Courts are especially likely to honor the parties' contractually-chosen venue when the forum selection clause is phrased in exclusive, rather than permissive, terms. Judge Saylor held that the language of the forum selection clause in the Agreement plainly indicated that Massachusetts was intended to be the exclusive forum, rather than one of many permissive venues.

After deciding that the forum selection clause was enforceable, Judge Saylor commented that aside from forum selection clauses, convenience of the parties is the most important factor of the §1404 (a) factors. Hultine argued that it was more convenient to the material witnesses to litigate in Illinois, and that such alleged convenience "overwhelm[ed]" all other factors, including the terms of the Agreement. Judge Saylor disagreed, and held that the case should remain in Massachusetts.

The facts relied on by Judge Saylor are decidedly different from those in the instant case. In Surveys, the number of witnesses to be called by each party was proportional, *i.e.*, Hultine intended on calling eight witnesses from Illinois and Surveys intended on calling seven from Massachusetts. In the instant case, Plaintiff has indicated that, other than himself, he intends to call <u>one</u> witness, who resides in Massachusetts, and Defendants have indicated their intent on calling <u>six</u> witnesses who reside outside of Massachusetts, ***three of whom are at least seventy-eight years old***.

As observed and noted by Magistrate Judge Bowler in her Report, <u>"[t]urning to the convenience of the parties and **_having observed George Baghdady at the hearing_**, it is evident that this factor weighs in defendants' favor</u>. George Baghdady also avers that it would be a significant hardship to litigate this matter in Massachusetts." (Report, pp. 36-37).[1] Furthermore, she added that, with the exception of Plaintiff's witness, Mary Cooper, the key players reside or have a principal place of business in Connecticut (e.g., James Shevlin, all of the trustees of the trust property, and Attorney Raymond Ganim).[2] (Report, pp. 37-38). Therefore, as held by Magistrate Judge Bowler in the instant case, the convenience of George and the key non-party witnesses decidedly favors a Connecticut forum.

Plaintiff also attempts to argue in his Partial Objection that Magistrate Judge Bowler has failed to afford his choice of forum its proper weight. (Partial Objection, p. 5). However, contrary to Plaintiff's assertions, Magistrate Judge Bowler did consider Plaintiff's choice of forum. Magistrate Judge Bowler states: "[h]aving given the matter careful and serious consideration, the factors balance decisively in favor of a transfer to Connecticut. Thus, ***even***

---

[1] George Baghdady is approximately 9 years older than Sami Baghdady.

[2] Donald Weiner is a resident of New Jersey. All other defendants and witnesses are residents of Connecticut.

4

*after affording the strong presumption to plaintiff's chosen forum of Massachusetts*, a transfer to Connecticut is warranted." (Report, p. 40) (emphasis added). Magistrate Judge Bowler further noted that this decision is warranted because "Connecticut has a greater interest in the litigation by virtue of the location of the property and the location of the business in its state." (Report, p. 40).

Contrary to Plaintiff's assertions, the burden is not merely shifted from Plaintiff to Defendants by transferring this case to Connecticut. Rather, as stated by Magistrate Judge Bowler, such a transfer is in the interests of justice and for the convenience of the material witnesses in this case.

## II. Sami Has Not Met His Burden of Proving That This Court Has Personal Jurisdiction Over the Trust Defendants.

As stated by Magistrate Judge Bowler in her Report, Plaintiff bears the burden of proving the Court's jurisdiction over <u>each one</u> of the named Defendants, including George J. Baghdady and George J. Baghdady, Jr., as Trustees of the Sylvia M. Baghdady Qualified Personal Residence Trust ("George Trust"), and Sylvia M. Baghdady and George J. Baghdady, Jr., as Trustees of the George J. Baghdady Qualified Personal Residence Trust ("Sylvia Trust") (collectively referred to as the "Trust Defendants").

In his Partial Objection, Plaintiff asserts incorrectly that there is an existing partnership between himself and George Baghdady, and that the Court has jurisdiction over the partnership and its assets, which purportedly include the trust property.[3] Plaintiff's allegations are conclusory, unsupported by legal authority, and pre-suppose a partnership that does not exist.

---

[3] Plaintiff mischaracterizes the nature of the property held by the Trust Defendants. Plaintiff claims that "[t]his Court has jurisdiction over the Trust Defendants since these entities currently own the properties in dispute in this action…" (Objection, p. 2). This statement is simply wrong. The Trust Defendants only have legal title to the Elm Street property which is at issue in this case, consisting of the home of George and Sylvia Baghdady. The Trust

5

As Magistrate Judge Bowler holds, Sami has not established that the Trust Defendants have any requisite "minimum contacts" in Massachusetts that would support the exercise of jurisdiction over them. (Report, pp. 31-33). Now, in an effort to circumvent this holding, Plaintiff argues that this Court has jurisdiction over the Trust Defendants simply because Plaintiff *alleges* that the Trust property constitutes "partnership assets." This argument ignores all Constitutional Due Process requirements. By making this argument, Plaintiff is asking this Court to interfere with and deprive the Trust Defendants' of their rights and interests in the Elm Street property either by compelling the execution of "the necessary paperwork to convey to Plaintiff a fifty (50%) percent interest in….the Elm Street property"…. or by a finding that the property is being held in constructive trust for the alleged partnership by the Trust Defendants. (Report, p. 32 n. 16). In order to adjudicate rights of the Trust Defendants, this Court must, however, have jurisdiction over them. See Walton v. Harris, 647 N.E.2d 65, 67 (Mass.App.Ct. 1995) ("[i]n order to exercise power over a trust, a court must have jurisdiction over either the trustee or the trust property"). As held by the Magistrate Judge Bowler in her Report, Plaintiff has failed in his burden of establishing jurisdiction over the Trust Defendants. (Report, p. 31).

Moreover, the law in Massachusetts is clear that "the administration of trust land is governed by the law of the state where the land is and can be supervised by the courts of that state only." Beardsley v. Hall, 197 N.E. 35, 39 (Mass. 1935); see *e.g.* Hutchins v. Commissioner of Corporations and Taxation, 172 N.E. 605, 608 (Mass. 1930) (trusts "cannot be enforced by courts of this Commonwealth even though all of the trustees might reside here", but "must enforced by the courts on which the trust property is held."). Magistrate Judge Bowler also clarified that "notwithstanding the exceptional case where 'personal jurisdiction over the

---

Defendants do not have any ownership interest in the Trumbull property on which the Pond Spring Nurseries business is located. Legal title to the Trumbull property is held by The Baghdady Family Limited Partnership.

trustee…may give an in personam decree against him,'" the "authority in <u>Hutchins</u> dictates caution in exercising jurisdiction over the [Sylvia Trust] even though this court has personal jurisdiction over George J. Baghdady, one of the trustees." (Report, pp. 31-32).

Furthermore, with respect to the George Trust, Magistrate Judge Bowler correctly held that it is even more evident that this Court lacks jurisdiction over the George Trust as George J. Baghdady is not a trustee of that trust.  As noted by Magistrate Judge Bowler, this Court does not have in personam jurisdiction over any of the trustees of the George Trust, all of whom are Connecticut residents.  In addition, the property which constitutes the trust res is located in Connecticut, and as Magistrate Judge Bowler explained it is evident that it was the settlor's intent that the trust be administered in Connecticut.[4]  <u>See generally</u> <u>Walton v. Harris</u>, 647 N.E. 2d at 67-68.  (Report, p. 33).  Magistrate Judge Bowler properly held that this Court lacks personal jurisdiction over the George Trust and its trustees, as well as the other Trust Defendants.  (Report, p. 33).

**CONCLUSION**

For each of the foregoing reasons, Defendants' respectfully request that the Court reject Plaintiff's objection to Magistrate Judge Bowler's Report and Recommendations, and that the Court transfer this case to the District of Connecticut.

---

[4] Plaintiff attempts to distinguish the <u>Beardsley</u> case from the instant case by arguing that he is "not seeking to have this Court "administer" or "supervise" the Connecticut Trusts, but instead to declare that the trust is holding partnership assets in constructive trust for the partnership." (Partial Objection, p. 3).  However, as correctly noted by Magistrate Judge Bowler, Plaintiff has asked that the Trusts be forced to execute documents affecting their interests, which is a form of administration of the trusts. (Report, p. 32 n. 16).

                                       **DEFENDANTS,**
                                       By their attorneys,

                                       /s/ Caryn L. Daum
                                       James A. Wade, *Pro Hac Vice*
                                       John W. Steinmetz (BBO# 568108)
                                       Caryn L. Daum (BBO# 647001)
                                       ROBINSON & COLE, LLP
                                       One Boston Place
                                       Boston, MA 02108
                                       (617) 557-5900

Dated:  August 1, 2005

**CERTIFICATE OF SERVICE**

I, Caryn L. Daum, hereby certify that a true and accurate copy of the foregoing document was served by first-class mail, postage prepaid, on this 1st day of August, 2005, upon:

>Michael P. Angelini, Esq.
>Kimberly A. Stone, Esq.
>Bowditch & Dewey, LLP
>311 Main Street
>Worcester, MA 01615

>/s/ Caryn L. Daum
>Caryn L. Daum